65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry M. MCDONALD, Defendant-Appellant.
 No. 95-1116.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 McKAY, Circuit Judge.
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. McDonald, presently an inmate in the federal prison system, appeals the denial of his 28 U.S.C. 2255 motion to overturn his drug conviction. We have previously affirmed that conviction on direct appeal, see United States v. McDonald, 933 F.2d 1519 (10th Cir.), cert. denied, 112 S.Ct. 270 (1991). Mr. McDonald, not surprisingly, now makes an ineffective assistance of counsel argument, contending that both his appellate and his trial counsels were constitutionally deficient because of their respective failures to pursue adequately the suppression of evidence adverse to his cause. The district court, in a pair of cryptic opinions notable for their brevity, first rejected, and then refused to reconsider, Mr. McDonald's arguments. The district court apparently concluded that Mr. McDonald was procedurally barred from raising his ineffective assistance claims because he had, on direct appeal, see id. at 1526, filed a pro se supplemental brief.[2] In light of the recent change in the law of this circuit wrought by United States v. Galloway, 1995 WL 320423 (10th Cir. May 26, 1995), this conclusion was in error. We nonetheless affirm for the reasons that follow.
 
 
 3
 Mr. McDonald's drug conviction rested upon evidence found in his car and on his person following his arrest on an outstanding "failure to appear" warrant. The arresting officer had received information that crack cocaine was being sold out of a blue Cadillac. Upon seeing Mr. McDonald in his blue Cadillac in a high-crime neighborhood, the officer ran a license plate check and learned of the arrest warrant outstanding for the car's owner. The officer then observed as two men walked up to the car, engaged Mr. McDonald in conversation, and passed around an unidentified item. After watching the three men for some minutes, the officer approached the Cadillac and, upon confirming his identity, arrested Mr. McDonald. As Mr. McDonald left his car, the officer saw, resting between the front seats, a white napkin wrapped around an object of some sort. Leaning into the car, the officer identified the object as a chunk of crack cocaine. The officer next frisked Mr. McDonald and found roughly $1000 in cash in his pockets. After securing Mr. McDonald in his squad car, the officer searched the Cadillac and discovered a razor blade and a small bag of marijuana in the car. A subsequent inventory search conducted before the Cadillac was towed also uncovered a handgun.
 
 
 4
 From the legal proceedings that grew out of these facts, Mr. McDonald draws two alleged instances of ineffective assistance. First, while acknowledging that his trial counsel in fact filed a motion to suppress the evidence obtained during the search of his Cadillac, Mr. McDonald contends that counsel did not pursue certain plausible avenues of attack that would buttress a claim of pretext. Specifically, he alleges that trial counsel investigated neither the applicable police towing procedures (to determine if the police should have allowed a relative of Mr. McDonald to claim the car before searching it) nor the rumors that initially aroused the arresting officer's suspicions of the blue Cadillac. Second, Mr. McDonald faults his appellate counsel for failing to raise the pretext issue before this court. Neither argument is persuasive.
 
 
 5
 Under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner establishes ineffective assistance of counsel by demonstrating both a constitutionally deficient performance by counsel and actual prejudice resulting therefrom. The first prong of this test requires a defendant to show that the actions and advice of counsel fell outside the range of reasonable competence demanded of the criminal bar. See id. at 687-88. The second element of the Strickland test calls upon a defendant to prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. at 694-95. We conclude that Mr. McDonald can meet neither aspect of the Strickland test.
 
 
 6
 Mr. McDonald's trial counsel in fact filed and argued a suppression motion that hinged upon claims of pretext. We are unable to attribute great significance to counsel's decision not to probe into towing policies or the suspicious rumors. The most damaging evidence--the crack cocaine itself--was uncovered during a search incident to arrest and not by the disputed inventory search. The salience of the rumors is likewise dwarfed by the overwhelming importance of the outstanding warrant as the stimulus that prompted the arrest. The trial court, in rejecting the suppression motion, found as a matter of fact that the arresting officer had followed standard department procedure in acting upon the outstanding warrant and concluded that the arrest was not pretextual within the meaning of United States v. Guzman, 864 F.2d 1512, 1517 (10th Cir.1988). We do not disagree, and therefore conclude that there is no reasonable possibility that further development of towing policies or rumors would have affected the outcome of the suppression hearing or the trial. The decision to forego such elaboration was, in any event, reasonable.
 
 
 7
 We likewise refuse to cast aspersions on appellate counsel's decision not to appeal the suppression ruling. The district court's factual findings as to the existence of pretext could only have been overturned if found clearly erroneous. It seems highly unlikely that this court would have reached such a result in the face of a valid outstanding arrest warrant, and appellate counsel need not advance every possible ground for error. In light of the inherent weakness of the pretext argument, Mr. McDonald cannot in any event establish prejudice. Given a valid arrest, the discovery of the incriminating evidence was incident to that arrest and was not subject to cogent challenge.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court also indicated that Mr. McDonald had failed to demonstrate prejudice. We cannot discern, however, whether the district court referred to the prejudice element of the "cause and prejudice" standard--necessary for circumvention of procedural default--or that of the Strickland ineffective assistance test. Under Galloway, Mr. McDonald need not show cause and prejudice for a court to reach the merits of his claims. To the extent that the district court concluded that Mr. McDonald had failed even to allege prejudice within the meaning of Strickland, we substantially agree. See infra