**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WYMAN TAYLOR,

      Defendant-Appellant.

No. 97-3043
(D.C. No. 96-CV-3568)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Wyman Taylor, a federal inmate appearing pro se, requests a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. We deny the certificate and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I.

On November 2, 1992, Taylor sold cocaine to an undercover Drug Enforcement Agency (DEA) agent. The DEA arrested Taylor at his home on April 1, 1993. A search of Taylor's home produced three weapons: a loaded Stallard Haskell .45 caliber semi-automatic handgun, a loaded Glock .40 caliber semi-automatic handgun, and an unloaded Browning .22 caliber rifle. In addition, the DEA found a photograph of Taylor dated November 2, 1992, depicting Taylor holding a .380 caliber handgun, a large amount of money, and a pager. Taylor admitted he sold crack cocaine on November 2, 1992, and that he owned the .45 caliber handgun found at his home, but denied carrying a weapon during the cocaine transaction.

On October 27, 1993, Taylor pled guilty to one count of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 87 months. Taylor did not file a direct appeal.

# II.

On December 3, 1996, Taylor filed a pro se motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, contending his attorney provided ineffective assistance of counsel at sentencing. Specifically, Taylor

argued his counsel failed to object to: (1) the Presentence Investigation Report's (PSI) failure to group his two offenses under U.S.S.G. § 3D1.2; and (2) the two-level enhancement under U.S.S.G. § 2D1.1 for possession of a weapon. The district court concluded the procedural bar of United States v. Frady, 456 U.S. 152, 167-68 (1982), which can prevent a petitioner from raising an issue in a § 2255 motion that was not raised on direct appeal, does not apply to ineffective assistance of counsel claims, citing United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995). The district court denied this § 2255 motion on February 10, 1997, and Taylor filed a timely notice of appeal. The district court subsequently issued an order denying a certificate of appealability.

This court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. 2253(c)(2). Taylor argues his constitutional rights have been violated because he did not receive effective assistance of counsel when his attorney failed to object to two aspects of the PSI. To prove he received ineffective assistance of counsel, Taylor must show his counsel was deficient in not objecting to the PSI and that his counsel's deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 686 (1984).

*Failure to Object to Court's Refusal to Group Offenses Under 3D1.2*

Taylor argues his counsel was deficient by failing to object to the PSI because it did not "group" his distribution of cocaine offense with his felon in possession of a firearm offense for sentencing purposes pursuant to U.S.S.G. § 3D1.2, which instructs the district court to group all offenses together for sentencing purposes that involve "substantially the same harm." Taylor argues his offenses should have been grouped under subsections(c) and (d).

Section 3D1.2(c) explains that offenses involve substantially the same harm "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." This provision is intended to prevent double counting. See U.S.S.G. 3D1.2 note 5; see United States v. Gelzer, 50 F.3d 1133, 1143 (2d Cir. 1995) (purpose of 3D1.2(c) is to prevent "multiple punishment or double counting for substantially identical offense conduct"). However, the note to this guideline requires that the offenses be closely related for 3D1.2 to apply.

Taylor's drug offense occurred on November 2, 1992. Taylor's sentence for this offense was enhanced for possession of a .380 caliber handgun. On April 1, 1993, Taylor was arrested and the police discovered three weapons in Taylor's home. Taylor was charged with being a felon in possession of a weapon based on his possession of one of these weapons, a Stallard Haskell .45 caliber handgun.

Thus, although Taylor was charged with being a felon in possession of a weapon and his sentence for distribution of cocaine was enhanced for possession of a weapon, the enhancement and the weapon possession charge were based on possession of the different weapons. Since the offenses occurred on different days and involved different weapons, they are not closely related and should not have been grouped under 3D1.2(c).

Section 3D1.2(d) instructs the district court to group certain offenses for sentencing purposes when they are of the "same general type." U.S.S.G. 3D1.2 note 6. The offenses that Taylor committed are not of the "same general type." See United States v. Covington, 818 F.Supp. 159, 161 (E.D. Va. 1993) ("drug offense for which defendant was convicted represents conduct that differs in essential respects from the offense conduct reflected in his conviction for unlawful possession of a firearm").

*Failure to Object to a Two-Level Enhancement for Possession of Weapon*

Taylor argues counsel also should have objected to imposition of a two-level enhancement to his base offense level for possession of a weapon during a drug transaction. Taylor pled guilty to a drug transaction which occurred on November 2, 1992. When Taylor's home was searched on April 1, 1993, the police found a photograph which depicted Taylor holding a .380 caliber handgun, a large amount of money, and a pager. The photograph was dated November 2,

1992.  Taylor received a two-level enhancement for possession of a weapon during a drug transaction based on this photograph.  See PSI ¶¶ 33, 34.

The notes to § 2D1.1(b)(1) state that enhancement for possession of a weapon during a drug transaction should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1(b)(1) note 3.  The government bears the initial burden of "proving by a preponderance of the evidence that the gun was proximate to the drug offense."  United States v. Lang, 81 F.3d 955, 964 (10th Cir. 1996).  After the government meets this burden, the defendant must "show that it is 'clearly improbable' that the weapon was related to the offense."  Id.

At sentencing, the trial court adopted the findings stated in the PSI.  The PSI contains inconsistent accounts concerning whether Taylor possessed a weapon during the November 2, 1992, cocaine sale.[1]  However, the PSI ultimately recommended that Taylor's sentence be enhanced for possession of a weapon, and the court applied this enhancement to his base offense level.  In light of the inconsistent facts noted in the PSI, the court's decision to apply the enhancement

---

[1]  At one point, the report indicates "the defendant acknowledged that on the evening of the drug transaction . . . he possessed a .380 handgun."  PSI ¶ 40.  In another section of the report, the investigator states enhancement for possession of a weapon is "supported by the defendant's own statements and photographs of him possessing firearms."  Id. ¶ 34.  However, at another point in the report, the investigator notes Taylor denies he carried a gun during the November 2, 1992, drug offense.  Id. ¶ 26.

served as an implicit finding that the government met its burden of establishing by a preponderance of the evidence that the gun was proximate to the drug offense. Moreover, the same court explicitly made such a finding in its February 10, 1997, order denying Taylor post conviction relief. See Doc. 69 at 4-5. Because the district court considered and rejected Taylor's contention that he was not in possession of a weapon and ultimately found the government met its burden in proving by a preponderance of the evidence that the gun was proximate to Taylor's drug offense, Taylor's counsel was not deficient in failing to object to this enhancement.

The certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
