**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Don GALLOWAY,**
**Defendant–Appellant.**

No. 93–4169.

United States Court of Appeals,
Tenth Circuit.

May 26, 1995.

Tena Campbell, Asst. U.S. Atty. (Scott M. Matheson, Jr., U.S. Atty., with her on the brief), Salt Lake City, UT, for plaintiff-appellee.

Jill M. Wichlens, Asst. Federal Public Defender, Dist. of Colorado and Wyoming, Denver, CO, for defendant-appellant.

Before SEYMOUR, Chief Judge, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, and HENRY, Circuit Judges.

## ON REHEARING IN BANC

STEPHEN H. ANDERSON, Circuit Judge.

We granted in banc review in this case in part to review procedures in this circuit for asserting constitutionally ineffective assistance of counsel claims. In this context we must decide whether an ineffectiveness claim supported by new grounds is procedurally barred in a petitioner's first collateral proceeding under 28 U.S.C. § 2255, when the issue of ineffectiveness has already been raised and adjudicated on direct appeal. The panel opinion in this case so held. *United States v. Galloway*, 32 F.3d 499, 503 (10th Cir.1994) (Galloway III). For the reasons set out below, we conclude otherwise.

### I.

#### A.

■ We reaffirm and reemphasize the central principle laid down in *Beaulieu v. United States*, 930 F.2d 805, 806–07 (10th Cir.1991). Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed. *See, e.g., id.* at 808; *see also United*

*States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1234, 127 L.Ed.2d 578 (1994).

The reasons for this rule are self-evident and largely outlined in *Beaulieu.* 930 F.2d at 807. A factual record must be developed in and addressed by the district court in the first instance for effective review.[1] Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim.

An opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand. Thus, even if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings (which can be instituted without delay) so the reviewing court can have the benefit of the district court's views. *See United States v. Washington*, 11 F.3d 1510, 1518 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1404, 128 L.Ed.2d 76 (1994); *United States v. Kay*, 961 F.2d 1505, 1508 (10th Cir.1992); *Beaulieu*, 930 F.2d at 808; *Osborn v. Shillinger*, 861 F.2d 612, 626 (10th Cir.1988).

#### B.

■ We continue to recognize, as we stated in *Beaulieu*, that in rare instances an ineffectiveness of counsel claim may need no further development prior to review on direct appeal. 930 F.2d at 807. Indeed, since *Beaulieu*, we have considered such claims on the merits in a number of appeals, this case being an apt example. *See United States v. Galloway*, 937 F.2d 542, 544–45 (10th Cir. 1991) (Galloway I); *see also United States v. Smith* 10 F.3d 724, 728 (10th Cir.1993); *United States v. Gordon*, 4 F.3d 1567, 1570–

---

[1] When a federal prisoner files a petition for post-conviction relief, the district court must hold an evidentiary hearing on the prisoner's claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

72 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1236, 127 L.Ed.2d 579 (1994).

Nevertheless, for the reasons stated above, there is only a slight chance that we will forego the development of a factual record or at least an opinion by the district court on the subject in the first instance. And, we will not remand for that purpose during the direct appeal of a case.

Consistent with this principle, we overrule that part of *Beaulieu* which *requires* some ineffectiveness claims to be brought on direct appeal. Those are claims where the record seems complete for purposes of appellate review. We warned in *Beaulieu* that failure to bring such a claim could result in a procedural bar preventing the claim from being raised in collateral proceedings. 930 F.2d at 807. As indicated, such a rule is inconsistent with the overriding principle that virtually all claims—even those which might conceivably be brought on direct appeal—should be brought in collateral proceedings. The threat of default and resulting procedural bar has doubtless resulted in many claims being asserted on direct appeal only to protect the record. This, of course, unnecessarily burdens both the parties and the court with a presentation and review leading only to dismissal for reassertion in a petition under 28 U.S.C. § 2255. Thus, while ordinarily the procedural bar rule of *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), applies to section 2255 proceedings, *see United States v. Allen,* 16 F.3d 377 (10th Cir.1994), we hold that it does not apply to ineffective assistance of counsel claims. *See United States v. DeRewal,* 10 F.3d 100, 101 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994).

We also overrule that part of *Beaulieu* requiring that the defendant have different counsel in order to question the ineffectiveness of trial counsel on appeal. It appears almost insuperably awkward for trial counsel to assert his or her own ineffectiveness as a ground for appeal. *See, e.g., Hopkinson v. Shillinger,* 866 F.2d 1185, 1203–04 n. 12 (10th Cir.), *reh'g on other grounds,* 888 F.2d 1286 (10th Cir.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3256, 111 L.Ed.2d 765

(1990). Nevertheless, we opt for fewer rather than more internal procedural rules in this area.

### C.

As the case before us illustrates, there are instances where a defendant raises and we review an ineffectiveness claim on direct appeal, only to have the defendant reassert the claim in a petition filed under 28 U.S.C. § 2255, citing new and different supporting grounds. The panel opinion in this case held that the claim asserted in the habeas petition was procedurally barred because an ineffectiveness claim had already been raised and adjudicated on direct appeal. The panel reasoned that the defendant was obligated to assert every available supporting reason the first time around.

Many reasons favor such a rule, finality being uppermost. Replays of the same claim by the tactic of asserting reasons which were available but not raised in the first instance do not serve the public's legitimate interest in the finality of a criminal case. And, it is an unwarranted burden on judicial resources and government and defense counsel to allow a defendant to persist in relitigating an already adjudicated claim.

Furthermore, an ineffectiveness claim may be viewed as unitary, regardless of the number of separate reasons advanced in support of the claim. A unitary claim by definition cannot easily be split into two proceedings on any logical basis.

The problem with these reasons, and procedural bar, is that they are absurdly easy to circumvent on the one hand, and painfully labor intensive to sort through and apply on the other. The usual tactic to force a second review is to claim in a post-conviction proceeding that appellate counsel was ineffective for failing to advance all possible reasons showing why trial counsel was ineffective, and that appellate counsel was ineffective for not raising other issues relating to trial and sentencing. Technically, this is a first-time claim of ineffectiveness which cannot be procedurally barred and which is not unitary with the claim of ineffectiveness of trial counsel advanced on direct appeal.

In this circumstance we are then forced to examine and determine two levels of ineffectiveness relating to two different sets of counsel en route to a distant destination of, perhaps, a favorable decision on the merits.

Also, if procedural bar is raised as a defense, it embroils us in nonmerits issues which are as time consuming as if we went straight to the merits, and infinitely less productive. Applying, as we must, the cause and prejudice standard for avoiding the procedural default, we must first examine all the reasons advanced as cause, and write on the subtext after revisiting everything that happened on direct appeal, and then some. In conjunction, or as an alternative, we must examine prejudice, which is nothing less than evaluating the merits to determine whether we should evaluate the merits. Nothing productive is accomplished. Standards of review help ultimately, but do not excuse the review. The petitioner gets his review, regardless of the level at which it is conducted and written about, and we go through the same process, further burdened by laying it all out in formats of procedural bar and applicable standards.

The truth is that the Supreme Court has created a doctrine which, by its very nature, successfully defies all of our attempts at finality. *See Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). It has become the perfect tactical "open sesame" to force re-reviews of closed cases, and will remain so unless and until the Supreme Court tailors its doctrines in this area.[2]

The Seventh Circuit recently has ably discussed the pros and cons of the matter. *See Guinan v. United States,* 6 F.3d 468 (7th Cir.1993). We largely agree with the sentiments expressed in the concurring opinion of Judge Easterbrook in that case. The simple, most direct approach best serves the judicial process. Furthermore, as Judge Easterbrook observed, the Solicitor General is not supporting the government's position in the lower courts with respect to finality and procedural bar. The Solicitor's position appears to be that no procedural bar will arise as to grounds which could have been, but were not, asserted along with other reasons in support of an ineffectiveness claim on direct appeal. *Id.* at 475 (Easterbrook, J., concurring); *see also* David M. Rosenzweig, Note, *Confession of Error in the Supreme Court by the Solicitor General,* 82 Geo. L.J. 2079, 2104 n. 185 (1994). The Third Circuit also has held that "the 'cause and prejudice' standard set out in [*United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) ] does not apply to an ineffective assistance of counsel claim asserted in a Section 2255 motion." *DeRewal,* 10 F.3d at 101.

■ For the reasons stated, we hold that an ineffective assistance of counsel claim on direct appeal does not bar the assertion of a subsequent ineffectiveness claim, based on different grounds, in a first petition filed pursuant to 28 U.S.C. § 2255.

### D.

The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255. Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings. No procedural bar will apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead. And, the fact that an ineffectiveness claim is raised and adjudicated on direct appeal will not procedurally bar an ineffec-

---

**2.** The abuse of ineffectiveness claims for tactical reasons has not only become a significant burden on courts and prosecutors, both state and federal, it is exacting a painful toll on the defense bar. An attorney who accepts a criminal defense which does not lead to an acquittal is virtually assured a later accusation of ineffectiveness. Counsel must then appear in court without compensation, taking time out of their practice and away from their other clients, to be grilled on various trial matters sometimes fifteen or more years old, all in defense of their reputation. There is the threat of bar discipline, possible need to report to an insurance company, and unkind publicity. Capable lawyers are doubtless avoiding the criminal defense practice or fleeing the criminal defense bar as a result.

tiveness claim in a proceeding under 28 U.S.C. § 2255, where new reasons are advanced in support of that claim. It should go without saying that the *identical* reasons in support of ineffectiveness cannot be litigated twice. That is prevented by the doctrine of issue preclusion.

The doctrines of successiveness and abuse of the writ will remain the surest and most effective way to prevent further attempts to litigate ineffectiveness claims after the first petition for post-conviction relief pursuant to 28 U.S.C. § 2255.

All of our cases, or parts of cases, inconsistent with the views expressed in this opinion are overruled.

## II.

Accordingly, we VACATE the panel opinion in Galloway III, VACATE the district court's dismissal of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, and REMAND the case to the district court for further proceedings.