64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo ROMERO, Defendant-Appellant.
 No. 95-2076.
 United States Court of Appeals, Tenth Circuit.
 Aug. 14, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Arturo Romero appeals the dismissal of his motion under 28 U.S.C. 2255, to vacate, set aside, or correct his sentence. He articulates the following issues in his motion:
 
 
 3
 1. Whether the petitioner should be permitted to withdraw his guilty plea where the plea was entered in reliance upon erroneous advice from counsel.
 
 
 4
 2. Whether the petitioner is entitled to be resentenced based upon the fact that sentencing decisions were made on the basis of erroneous information.
 
 
 5
 3. Whether the petitioner should be permitted to be resentenced based upon effective assistance of counsel at sentencing and for not appealing the sentence.
 
 
 6
 4. Whether the petitioner is entitled to a reduction of sentence based upon issues such as amount of drugs, relevant conduct and mitigating role found in the United States Sentencing Guideline.
 
 
 7
 R. Vol. I, Tab 1, Memorandum In Support of Motion, at 7.
 
 
 8
 In an opinion entered on June 28, 1995, we affirmed the decision of the district court. Subsequently, we recalled the mandate and withdrew the opinion in order to consider Mr. Romero's reply brief. In addition, on the court's own motion, the record in this appeal has been supplemented by written transcripts of the December 6, 1991, hearing in which Mr. Romero entered his guilty plea, and the August 28, 1992, hearing at which Mr. Romero was sentenced.
 
 
 9
 The court has carefully reviewed the entire record once again, including Mr. Romero's reply brief and the transcripts of the hearings in question, and concludes that its original disposition was correct. Additionally, the court readopts substantially the grounds and the reasons stated in the magistrate judge's proposed finding and recommended disposition filed January 3, 1995. The facts, and Mr. Romero's core arguments and issues, are set forth by the magistrate judge and need not be repeated in detail here.
 
 
 10
 Mr. Romero was charged in 1991 with distributing more than 500 grams of cocaine, and aiding and abetting; and, in a separate count, with conspiracy to do so. In four additional counts Mr. Romero was also charged with carrying or using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c). Mr. Romero's attorney worked out a plea bargain with the government in which the government dropped the firearm counts and Mr. Romero agreed to plead guilty to the conspiracy and distribution counts.
 
 
 11
 At the plea hearing on December 6, 1991, the district court made it crystal clear that because of a prior conviction enhancement filed by the government, Mr. Romero's minimum statutory sentence was ten years. Appendix of Appellee (Trans.Dec. 6, 1991) at 22-23. And, Mr. Romero responded that he fully understood that fact:
 
 
 12
 "THE COURT: And do you understand that the minimum must be at least ten years?
 
 
 13
 MR. ROMERO: Yes, your Honor."
 
 
 14
 Id. at 23. If Mr. Romero had been found guilty of the firearms charge, an additional five year consecutive sentence would have been added to the minimum, for a minimum of fifteen years. This was explained to Mr. Romero by his attorney, and it was further explained in para. 60 ("Impact of Plea Agreement") of the presentence report, made available to the parties prior to sentencing.
 
 
 15
 The sentencing guidelines became a factor only to the extent that a sentence prescribed under the guidelines would exceed the statutory minimums referred to above. Mr. Romero pled guilty to actually distributing two kilograms of cocaine to a government agent in a specific transaction, and he reaffirms that culpability in his brief on appeal. Appellant's Reply Br. at 14. An additional seven and a half kilograms of cocaine were found in his coconspirator's residence. The presentence report detailed Mr. Romero's drug activity with respect to the transaction in question, and also on a broader scale with respect to the coconspirator who provided the two kilograms for the transaction and who had an additional seven and one half kilograms of cocaine in his residence. The United States probation officer preparing the report attributed the seven and one half kilograms of cocaine to Mr. Romero as relevant conduct. He also added an additional two offense levels for obstruction for giving a false name. At sentencing, Mr. Romero's attorney did not argue that the seven and one half kilograms of cocaine found in Mr. Romero's coconspirator's residence was not includable under the sentencing guidelines. Rather, he stated that the court might, if it wished, give Mr. Romero a benefit by overlooking the additional amount of cocaine, and also by dropping the obstruction charge. Appendix of Appellee (Trans.Aug. 28, 1992) at 7-8. Counsel's argument came down to this:
 
 
 16
 If the court, and the seven and a half kilograms was located secreted in the residence and was not found by Drug Enforcement Administration agents immediately upon arrest of all the individuals participating, if the court does not count that as far as Mr. Romero goes, he's still got a ten year sentence, but he's in the 97 to 121 month range.
 
 
 17
 If the court does count that but basically eliminates or departs downward on the obstruction of justice, Mr. Romero is in the 121 to 151 month range, and to be very blunt, what we're seeking from the court is a 121 month sentence in this matter. Id. at 8.
 
 
 18
 Counsel did not object to the inclusion of the seven and one half kilograms of cocaine on any legal or factual ground and offered no testimony on the point. He referred to it only in the context just described.
 
 
 19
 The court eliminated the two level increase for obstruction, retained the full nine and a half kilograms for the offense level calculation, arrived at an offense level of 30, criminal history category III, with a range of 121 to 151 months, and sentenced Mr. Romero to 132 months as to each count (distribution and conspiracy), to run concurrently. Id. at 10, 12. In the process, the court adopted the factual findings contained in the presentence report, and specifically noted that although Mr. Romero acted in the role of an intermediary between the undercover agent and Mr. Romero's coconspirator with respect to the specific transaction in question, Mr. Romero was "highly active in this drug offense." Id. at 11. The presentence report makes it clear that this is the most charitable possible characterization of Mr. Romero's activities. Neither Mr. Romero nor his counsel objected to the presentence report either prior to or at sentencing, and did not object to any of the judge's findings or conclusions at sentencing.
 
 
 20
 The case, then, follows the following chronology: Mr. Romero was arrested and charged in 1991, and entered a plea of guilty on December 6, 1991. The presentence report shows that it was prepared on January 9, 1992, approximately one month later. On August 28, 1992, about nine months after he pled guilty, Mr. Romero was sentenced. At no time during these intervals or events did Mr. Romero attempt to withdraw his plea, or to protest any alleged misunderstanding, or to enter any objection of any kind. To the contrary, he expressly approved each step of the proceedings in court. No appeal was taken. Approximately two years later, in July 1994, Mr. Romero brought this 2255 proceeding in which he now attacks his plea and sentence.
 
 
 21
 The essence of Mr. Romero's case is that he was fully aware that he was facing a minimum sentence of ten years, or 120 months, and fully aware that his attorney was seeking a 121 month sentence at the sentencing hearing, but his 132 month sentence, eleven months more than he explicitly bargained for, is illegal. He bases his argument largely on the proposition that the seven and one half kilograms of cocaine in his coconspirators house should not have been charged to him, and that the presentence report was factually incorrect, as was the district court.
 
 
 22
 The governing standards are well established. Mr. Romero did not appeal. Accordingly, except for ineffective assistance of counsel claims, the procedural bar rule of United States v. Frady, 456 U.S. 152 (1982), applies. See United States v. Galloway, 56 F.3d 1239 (10th Cir.1995) (in banc). Furthermore, Mr. Romero's failure to object to facts in the presentence report or the court's specific finding with respect to the full nine and one half kilograms of cocaine acts as an admission of the fact, and the issue is not preserved for appeal in any event. See United States v. Deninno, 29 F.3d 572, 580 (10th Cir.1994). The district court, adopting the magistrate judge's report and recommendation, concluded that Mr. Romero had not demonstrated cause or prejudice, or manifest injustice, sufficient to overcome the procedural bar. We agree.
 
 
 23
 Recognizing these shortcomings, Mr. Romero proceeds under the aegis of ineffective assistance of counsel. We have held that such a claim not only can, but must, be brought in collateral proceedings such as this. See Galloway. The standards of review for an ineffectiveness claim are well known: deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668 (1984); Brewer v. Reynolds, 51 F.3d 1519 (10th Cir.1995). To establish prejudice the petitioner must show that there exists "a reasonable probability that, but for counsel's purported unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Strickland, 466 U.S. at 694. In the context of sentencing, when a defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea depends on whether the advice was "within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). In addition, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.
 
 
 24
 Our review of this record convinces us that Mr. Romero has not even come close to establishing any of these requirements. The district court conducted a painstaking Rule 11 inquiry with respect to Mr. Romero's plea of guilty. The transcript covers 44 pages and every conceivable relevant subject. Mr. Romero gave clear, cogent, affirmative answers, under oath, to every material question. He had previously signed a memorandum of understanding (the plea bargain), and initialed it again in court. He was 34 years of age at the time and had a high school education. He had also had previous experience with the criminal justice system, so that he was no neophyte when it came to a knowledge of the solemnity of the proceedings.
 
 
 25
 The sentencing hearing, which covers 15 pages of transcript, was equally detailed and direct, and participated in audibly by Mr. Romero. Mr. Romero cannot now be heard, two years later, to say that he misunderstood the proceedings, or that he was laboring under some misapprehension imposed upon him by his attorney. The proceedings are far too clear to give credence to such a bare, unsupported, and conclusory argument.
 
 
 26
 Rather, it is apparent that Mr. Romero and his attorney negotiated a very favorable agreement with the government with respect to the firearms charge, reducing Mr. Romero's minimum incarceration exposure from 15 years to 10 years. His sentence of 11 years--11 months greater than the specific sentence he asked for at the sentencing hearing--does not even begin to suggest that he would not have pleaded guilty.
 
 
 27
 We have considered the many other arguments, procedural and otherwise, which Mr. Romero has strung through his briefs, and reject them all as wholly lacking in merit. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470