**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BONNITA PEARL JORDAN,
Originally indicted as Bonita Pearl
Jordan then amended on 8-15-97 to
reflect true name of Bonnita Pearl
Jordan,

      Defendant-Appellant.

No. 97-5243
(D.C. No. 97-CR-73-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

On August 15, 1997, Bonnita Pearl Jordan ("Jordan") pled guilty to a

single count of making a false statement to a government agency, in violation of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. § 1010. ( See PSR at 1; Plea Hearing Trans. at 10-16, 19-22.) On December 9, 1997, the district court sentenced Jordan to 14 months' imprisonment, to be followed by a one-year term of supervised release. ( See Aplt. App. Vol. III at 27 (Sentencing Hearing Trans.).) The district court also ordered Jordan to pay $6,000 in restitution. ( See id.) Jordan now appeals, pro se,[1] claiming that (1) the district court erred in refusing to grant her a downward departure on the ground of an extraordinary physical condition, under United States Sentencing Guideline (U.S.S.G.) § 5H1.4; (2) the government submitted erroneous and false information to the district court, in violation of Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 32, and (3) that she received ineffective assistance of counsel at sentencing.

As for Jordan's claim that the district court erred in failing to grant her a downward departure under U.S.S.G. § 5H1.4, it is well-established law in this

---

[1]Jordan's has court-appointed counsel. Counsel has filed an amended Anders brief in this appeal, stating that Jordan's challenge of the district court's decision not to grant her a downward departure is frivolous, and moving to withdraw as Jordan's legal counsel. The Anders brief also notes that in its plea colloquy with Jordan, the district court did not alert Jordan to the possibility of restitution. However, this claim would only impact on the voluntariness of Jordan's plea, and Jordan's counsel has indicated in the amended Anders brief that Jordan does not challenge the voluntariness of her guilty plea. Moreover, the issues raised in Jordan's pro se brief all speak to issues related to her sentence, and not her guilty plea, including her ineffective assistance of counsel claim. Therefore, we will not address the issue of restitution.

We hereby grant counsel's motion to withdraw as Jordan's counsel.

circuit that this court has jurisdiction to review the decision of a district court not to grant a downward departure under the Guidelines only where the district court unequivocally states that it lacks the "authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998). We find no such statement by the district court on the record before us. Therefore, we dismiss Jordan's claim under U.S.S.G. § 5H1.4 for lack of jurisdiction.

We read Jordan's claim that the government submitted erroneous and false information to the district court in violation of Fed. R. Crim P. 32, to allege that false and erroneous information was included by the prosecution in Jordan's Presentence Report (PSR). However, prior to her sentencing hearing, Jordan filed only two objections to the PSR, one to the PSR's finding of the specific offense characteristic of more than minimal planning and one to the probation officer's notation that "[p]resentation of information in this section does not necessarily constitute a recommendation by the probation officer for a departure." (See PSR Add.) Neither objection goes to Jordan's claim on appeal that the PSR was factually inaccurate. Failure to object to facts in the PSR or to the court's specific finding with respect to those facts acts as an admission of the facts contained in the PSR, thus challenge of those facts is not preserved for appeal. See United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994). Because

Jordan did not object to any of the factual statements contained in her Presentence Report before her sentencing hearing, and because at that hearing the district court adopted the factual findings of the Presentence Report as its own factual findings ( See Sent. Hearing Trans. at 17), she may not now attack the facts contained in her PSR on appeal.

Finally, as for Jordan's claim that her Sixth Amendment rights were violated due to ineffective assistance of counsel, it is clearly-established law in this Circuit that such claims are not properly heard by this court on direct appeal, but rather by collateral attack. See United States. v. Galloway , 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). For this reason, we dismiss Jordan's ineffective assistance of counsel claim without prejudice.

For the above reasons, Jordan's sentence is AFFIRMED and her claim of ineffective assistance of counsel is DISMISSED WITHOUT PREJUDICE.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge