**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE HERNANDEZ,

Defendant-Appellant.

No. 98-4071
(D.C. No. 97-CR-59-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, the panel agrees with

counsel that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  Therefore, the case is

ordered submitted without oral argument.

Defendant Jorge Hernandez appeals the sentence imposed following his

plea of guilty to possession of cocaine with intent to distribute, in violation of 21

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 841(a)(1). We affirm.

Based upon Hernandez' base offense level of twenty-five, the sentencing guideline range for the offense is sixty-three to seventy-eight months' imprisonment. As part of Hernandez' plea agreement, he agreed to cooperate with the government in exchange for the government's recommendation of a downward departure pursuant to U.S.S.G. § 5K1.1. Hernandez ultimately received a sentence of twenty-four months' imprisonment, a term of supervised release, and a $5,000 fine.

Hernandez' sentencing hearing was set for April 13, 1998. Before the hearing date, defense counsel left telephone messages at Hernandez' home advising that Hernandez was required to appear at the hearing and requesting that he arrive early to consult with counsel. At a meeting in chambers prior to the hearing, the parties agreed that based on Hernandez' substantial assistance, the court would impose a sentence of twelve months' imprisonment. Hernandez did not appear at the hearing. Hernandez later claimed he did not receive the message advising him of the hearing, although earlier messages left at his home had reached him.

The court directed defense counsel to locate Hernandez and postponed the hearing until the afternoon. Defense counsel contacted Hernandez at his workplace, but Hernandez refused to appear. The court reset the hearing for April

15 and issued a bench warrant for Hernandez. Defense counsel advised Hernandez of the new hearing date. Hernandez again did not appear, later explaining he was "scared." Hernandez then surrendered and was sentenced on April 16. Defense counsel perfected this appeal and filed a motion to withdraw on the basis that her ineffective assistance of counsel "so enraged the trial court" that it imposed a sentence twice as long as the court earlier indicated it would impose. The court denied the motion and directed counsel to continue to represent Hernandez on appeal.

On appeal, Hernandez asserts ineffective assistance of counsel as the basis for his contention that the court erred in not sentencing him to twelve months' imprisonment . Hernandez claims he received the longer sentence "solely because of his trial counsel's failure to keep in close contact with him and prepare him for sentence." Appellant's Br. at 9. He asks this court to vacate the twenty-four-month sentence and impose a sentence of twelve months.

At the outset, we note Hernandez does not, and indeed cannot, independently challenge the extent of the district court's downward departure. See United States v. Bromberg , 933 F.3d 895, 896 (10th Cir. 1991). This court may exercise jurisdiction over such a challenge only when the defendant asserts a violation of a specific guideline provision or article of law. Id. at 897. Hernandez makes no such challenges.

Generally, ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Id. This general rule ensures that a sufficient factual record is developed before disposition and the attorney accused of deficient performance is afforded an opportunity to explain his or her reasoning and actions. In rare cases, however, we have entertained ineffective assistance of counsel claims on direct appeal where no further development of any sort is necessary or beneficial for resolution of the issue. Id.

We agree with both parties that this is one of the rare instances where an ineffective assistance of counsel claim is ripe for review on direct appeal. The circumstances giving rise to the claim were discussed at length both before and during the April 16 sentencing hearing. Defense counsel explained her conduct to the court and the court questioned Hernandez and defense counsel. Further development of either the facts or the legal theory underlying the ineffective assistance of counsel claim is unnecessary. See United States v. Gallegos, 108 F.3d 1272, 1280 (10th Cir. 1997) (defendant's "ineffective assistance of counsel claim is well-documented in the record and, therefore, we will review her claim on direct appeal").

-4-

To succeed on an ineffective assistance of counsel claim, a defendant must show defense counsel's performance was deficient and the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 686 (1984). An ineffective assistance claim may be dismissed for failure to meet either criteria. Id. at 697.

The record reflects the court's focus in reaching its sentencing decision was on Hernandez' conduct and not that of his counsel. At the April 15 hearing, the court stated:

> I also want to make clear that my previous statement that I would sentence him to a year no longer applies. I don't know what I'll sentence him to. I'll give him some departure perhaps, but his failure to appear to me indicates that any rehabilitation or changing of his ways that might have occurred while he was working for the government may be superficial. And the longer he stays out, probably the longer he's going to stay in.

Appellees' Br., Addendum B at 5. At the April 16 sentencing, the court stated: "Well, I don't think Monday is so much [defendant's] fault. I think that that is not to be laid at the feet of the defendant, but I'm concerned that once he was located and he knew that he had to do something, that's when he really--" Record II at 9. Although the district court did express displeasure with defense counsel for failure to ensure Hernandez' appearance at the April 13 hearing, the court also stated that it was Hernandez' intentional refusal to appear at the April 15 hearing, rather than the court's frustration with defense counsel, that resulted in imposition

of the longer sentence.

> [I]t isn't a question of anger. It's simply a question of not complying with obligations. And what has happened now is your client was placed in a position where he failed knowingly. This occurred I think on Wednesday [April 15]. He knowingly failed to obey an order, and that's the reason for any sort of change in our initial discussion.

Record II at 13-14. Consequently, even were we to assume deficient performance, there clearly was no prejudice to Hernandez from that performance. See Strickland , 466 U.S. at 695 (prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). The court made it plain that it was Hernandez' decision to intentionally disregard the court's order to appear that caused the court to depart from its previous statement that Hernandez would be sentenced to twelve months' imprisonment.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-6-