**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

CHERLYN VALERIE McCLUNG,
also known as Barbara Groves, also
known as Cheryl Lewis, also known as
Barbara E. Groves,

      Defendant-Appellant.

No. 98-6337
(D.C. No. CR-98-33-001-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

      Defendant-Appellant Cherlyn Valerie McClung pled guilty to two counts of

traveling interstate in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3),

and was sentenced to two consecutive sixty-month terms of imprisonment. On

appeal, Ms. McClung argues that the district court erred in failing to grant a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

continuance in order to allow counsel additional time to prepare for the plea hearing. She asserts that this denied her effective assistance of counsel, and further argues that counsel's performance was deficient in failing to file objections to the presentence report and in not allowing her to read the report until the day of sentencing. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

As an initial matter, we note that the transcript of the plea hearing does not support Ms. McClung's claim that her counsel sought a continuance, or that the district court denied the alleged motion. As for Ms. McClung's ineffective assistance claims, in this circuit such claims "should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255. Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings." United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc). This case does not present such a rare claim. The record is not sufficiently developed with respect to counsel's advice to Ms. McClung regarding the presentence report and sentencing. Accordingly, we dismiss Ms. McClung's claim of ineffective assistance of counsel without prejudice to her

right to raise it again in a § 2255 proceeding.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge