**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARVIN JOSE GONZALES,

Defendant-Appellant.

No. 00-1238
(D.C. No. 99-CR-291-WM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Marvin Jose Gonzales appeals from the jury's verdict finding

him guilty of four counts of bank robbery and one count of attempted bank

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

robbery in violation of 18 U.S.C. § 2113(a). Gonzales was sentenced to seventy months' imprisonment on each count to be served concurrently followed by three years of supervised release on each count also to be served concurrently.

On appeal, counsel argues that the district court (1) erred in denying Gonzales' motion to suppress the out-of-court identifications and in permitting witnesses to make in-court identifications after viewing the suggestive photo array, and (2) abused its discretion in allowing photographs of defendant which were twelve years old into evidence as their probative value was outweighed by the danger of unfair prejudice. Gonzales has filed a pro se brief in which he argues that he was denied due process because he did not attend his pretrial suppression hearing. He contends that one witness committed perjury, that his right to a speedy trial was violated, and the identifications were unreliable. Finally, Gonzales argues that he received ineffective assistance of trial counsel.

Counsel contends that the out-of-court identifications should not have been admitted because the photo arrays were unduly suggestive. To determine the constitutionality of a photo array, we examine any factual findings made by the district court for clear error, while reviewing de novo "the ultimate question" of whether the array infringed upon the defendant's due process rights. United States v. Sanchez, 24 F.3d 1259, 1262 (10th Cir. 1994).

Due process requires that we examine first, "whether the photo array was impermissibly suggestive, and if it is found to be so, then [we] must decide whether the identifications were nevertheless reliable in view of the totality of the circumstances." Id. at 1261-62. To determine whether the photo array was impermissibly suggestive, we examine "the size of the array, the manner of its presentation by the officers, and the details of the photographs themselves." Id. at 1262. Here, the photo array consisted of six photographs displayed on a single sheet. The use of six photos in an array is not per se unconstitutional. Id. It is, however, a factor affecting the weight we give to other alleged irregularities. Id.

> [W]hen a relatively low number of photographs are used in an array, minor differences such as background color can make a picture stand out, and can act to repeatedly draw a witness's eyes to that picture. Common sense dictates that slight irregularities are more likely to "jump out" at a witness reviewing a single sheet of paper with only six photographs on it than at a witness reviewing a large mug book containing hundreds of photographs. . . . The lower the number of photographs used by officers in a photo array, the closer the array must be scrutinized for suggestive irregularities.

Id. at 1262-63.

Defendant's counsel contends several details of the photographs comprising the array constitute suggestive irregularities. She claims that only one of the photographs, defendant's, clearly shows an Hispanic. She states that while two others might be considered Hispanic, they have longer hair than the others and one has a mustache "increasing the chances that he would be eliminated simply by

-3-

being different from the others in the array." Appellant's Br. at 10. Counsel contends defendant's is the only photograph that "even remotely resembles" the victims' descriptions of the robber and is the only one with a grainy dark appearance. Id.

We have examined the photo array for similarities and differences in each of the photographs, bearing in mind the overall size of the array and the manner of presentation. The purported differences emphasized by defendant are not as significant as defendant proposes. No characteristics are present in defendant's photograph that would draw a witness' eye to his picture, or make it stand out from the others.

Further, the officers presented the photographs in a neutral fashion. The witnesses were not told that defendant's photo might be included in the array and they even testified that they did not necessarily believe the robber's photograph would be in the array. Cf., Grubbs v. Hannigan, 982 F.2d 1483, 1490 (10th Cir. 1993) (holding that photo array was unnecessarily suggestive where, among other factors, witness was told police had identified a suspect). The photo array is not unconstitutionally suggestive. Having determined the photo array was not impermissibly suggestive, we need not proceed to the second step of the due-process analysis.

Defendant asserts the victims' in-court identifications should not have been permitted because they had previously viewed the photo array and their identifications were not otherwise reliable. "Whether identification procedures are violative of due process is a legal question reviewed de novo." United States v. Brown, 200 F.3d 700, 707 (10th Cir. 1999), cert. denied, 120 S. Ct. 1213 (2000) and 120 S. Ct. 1706 (2000). "The admission of in-court identification testimony violates due process only when, under the totality of the circumstances, it was tainted by unnecessarily suggestive pretrial identification procedures creating a very substantial likelihood of misidentification." Id. (quotation omitted). In evaluating identification testimony, we consider "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Id. (quoting Neil v. Biggers, 409 U.S. 188, 199-200 (1972)).

Defendant contends that the witnesses did not see the bank robber for very long, and they were nervous and frightened during the robbery. In fact, one witness fainted after it. Defendant further notes that the identifications were made nine or ten months after some of the robberies.

The witnesses testified that they saw defendant in good light, generally straight on for anywhere from ten to fifteen seconds to three or four minutes. Their view was not obstructed and was at close proximity. No witness hesitated in identifying defendant at trial.

The victims' identifications of defendant at trial occurred in the presence of the jury and the victims were fully and fairly cross-examined. See Brown, 200 F.3d at 707. They were questioned as to the length of time they viewed the bank robber, their mental state during the robbery, the effect of any disguises the robber had donned on their identification of defendant. They were also questioned as to any inconsistencies between their descriptions of the robber immediately after the event and their later descriptions. We must conclude that the identification procedure did not create a "very substantial likelihood of . . . misidentification." Neil, 409 U.S. at 198 (quotation omitted).

Counsel argues that the district court abused its discretion in allowing photographs of defendant which were twelve years old into evidence as their probative value was outweighed by the danger of unfair prejudice. The bank robber had appeared in various disguises such as wearing glasses and with a mustache during the commission of the robberies. The government sought to have the jury view defendant with different characteristics without asking him to assume the characteristics during the trial. The photographs were subject to

-6-

cross examination due to their ages.  The district court did not abuse its discretion in permitting these photographs to be presented to the jury.

In his pro se brief, defendant argues that he was denied due process because he did not attend his pretrial suppression hearing as he was out on bond and received no notification of it.  The record belies this assertion.  At the hearing, counsel stated that she was appearing "on behalf of Mr. Gonzales, who is  present here in court today."  Rec. Vol. 2, at 2.

Gonzales also argues that one witness, his nephew Dean Gonzales, committed perjury.  Dean, a police officer for the Denver Police Department, testified that he identified the photograph in a wanted poster as his uncle.  Gonzales states that Dean's father originally gave the same testimony that the wanted poster portrayed defendant, but he later recanted.  Gonzales also maintains that he did not go shooting with his family after his father's funeral as Dean testified.

As Dean testified at trial and defendant had the opportunity to cross-examine him, the jury was able to evaluate his credibility.  Judging the credibility of witnesses is a function of the jury, which we will not second-guess on appeal.  See United States v. Guidry  , 199 F.3d 1150, 1156 (10th Cir. 1999).

Gonzales posits that his right to a speedy trial was violated because he was not taken before a judge until five days after his arrest and was not charged until

seven days after his arrest. Once again the record belies this assertion. The docket sheet shows that Mr. Gonzales was arrested September 7, 1999. He made his first appearance before a magistrate judge later that same day. See County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) (probable cause hearing should generally be held within forty-eight hours of arrest). No error occurred.

If defendant is proposing that his statutory right to a speedy trial was violated because more than seventy days elapsed between his first appearance and the start of his trial, see 18 U.S.C. § 3161(c)(1),[1] our review of the record before us and our computation of excludable days shows no violation. See 18 U.S.C. § 3161(h) (identifying excludable dates); see also United States v. Lugo, 170 F.3d 996, 1001 (10th Cir. 1999).

Gonzales maintains that the identifications were unreliable because the bank surveillance photos do not resemble him. Further, he cannot run or ride a bike due to his physical impairment. Gonzales also notes that he could not be identified because the robber wore disguises. These issues are all ones of credibility for the jury which we will not question. See Guidry, 199 F.3d at 1156.

---

[1] Section 3161(c)(1) provides that a defendant's trial "shall commence within seventy days from the filing date of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Finally, Gonzales argues that he received ineffective assistance of counsel. "Ineffective assistance of counsel claims should be brought in collateral proceedings[; those] brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). The record for this claim has not been adequately developed by the district court at this time to enable us to address it on direct appeal. See United States v. Gallegos, 108 F.3d 1272, 1280 (10th Cir. 1997).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Defendant's motion to supplement the record on appeal with the wanted flyer and photographic array is GRANTED.

Entered for the Court

Stephen H. Anderson
Circuit Judge