**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE LAMONT GREEN,

Defendant - Appellant.

No. 01-5043
(D.C. No. 98-CV-739-K,
95-CR-77-K)
(N.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant Andre Lamont Green appeals the district court's denial of his

motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2255. Defendant was convicted on one count of conspiracy with intent to distribute cocaine base, one count of maintaining a place for distribution of cocaine base, two counts of possession with intent to distribute cocaine base, one count of possession of cocaine base, one count of possession of marijuana, and two counts of possession of a firearm after previous conviction of a felony.[1] Defendant was sentenced to 360 months' incarceration. After these convictions were upheld on appeal, defendant filed the current § 2255 motion raising four grounds for relief. The district court denied relief on all grounds, but granted defendant a certificate of appealability under 28 U.S.C. § 2253 on one ground: whether trial counsel was constitutionally ineffective because he failed to object to the sentencing court's application of the enhanced penalties for offenses involving cocaine base in the absence of proof by the government at sentencing that the controlled substance defendant possessed was crack cocaine. Defendant has not sought to expand the district court's grant of a certificate of appealability, so we will address only this issue.

Defendant's argument arises from the fact that Congress has specified more severe penalties for offenses involving cocaine base than for those involving other forms of cocaine. *Compare* 21 U.S.C. § 841(b)(1)(A)(ii) *with*

---

[1] Defendant was also convicted of two other firearm counts, which were later vacated.

§ 841(b)(1)(A)(iii) (providing same sentence for the possession of 5 kilograms of cocaine powder as for the possession of only 50 grams of cocaine base). The Sentencing Guidelines also provide enhanced penalties for offenses involving cocaine base. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c) (U.S.S.G.). Although neither the statute nor the Sentencing Guidelines originally defined the term "cocaine base," section 2D1.1(c) of the Sentencing Guidelines was amended in 1993 to add the following note after the drug quantity table: "'Cocaine base,' for purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1(c) n. (D). Under this amendment, forms of cocaine base other than crack are treated as cocaine powder for purposes of the Sentencing Guidelines. U.S.S.G., Appendix C, Amend. 487 (1995).

Defendant contends that because only crack cocaine can give rise to the increased penalties, trial counsel should have objected to the finding in the presentence report (PSR) that the cocaine base involved in the counts of conviction was crack cocaine, and should have insisted at sentencing that the government prove by a preponderance of the evidence that the substance was in fact crack cocaine. *See United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994) ("The government has the burden of proof and production during the

sentencing hearing to establish the amounts and types of controlled substances related to the offense."). Instead, counsel made no objection to the PSR's findings and made no objection to the court taking judicial notice of the facts and information contained in the PSR. Accordingly, at the conclusion of the sentencing hearing, the court adopted the findings in the PSR as its findings and agreed with the PSR's offense level computations, which were based on the substance being crack cocaine.

The government argues that defendant's claim is procedurally barred because he failed to raise it on direct appeal. To the extent defendant raises a claim of ineffective assistance of trial counsel based on counsel's failure to object to the PSR's findings and to the court's adoption of those findings, that claim is properly asserted for the first time in this § 2255 proceeding, and is not procedurally barred. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."). To the extent defendant challenges the district court's adoption of the PSR's findings in the absence of proof at the sentencing hearing, however, that claim is procedurally barred. Defendant has not asserted any cause or prejudice to excuse his failure to raise

that issue on direct appeal, *see United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995), and we know of none. [2]

To establish his claim of ineffective assistance of trial counsel, defendant had to show (1) that his attorney's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under the prejudice aspect of *Strickland* we inquire whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Rogers v. United States*, 91 F.3d 1388, 1392 (10th Cir. 1996) (quotation omitted).

The district court ruled that defendant's claim failed on the prejudice prong because regardless of whether the drugs met the definition of "cocaine base" under U.S.S.G. § 2D1.1(c), they met the definition of "cocaine base" under the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b)(1)(A)(iii), which do not distinguish among types of cocaine base. Whether the definition of "cocaine base" in § 841(b)(1) is broader than the definition of "cocaine base" in

---

[2]     Even if defendant had asserted that his appellate counsel's failure to raise the issue constituted cause and prejudice, we would not agree. Because trial counsel did not object to the facts set forth in the PSR or to the district court's adoption of those facts, had appellate counsel raised a challenge to the court's adoption of the PSR's findings, we would have reviewed the challenge only for plain error. Further, we would have rejected the claim because factual disputes do not rise to the level of plain error, *see Deninno*, 29 F.3d at 580. Appellate counsel, therefore, cannot be faulted for failing to raise the issue when it was doomed to fail.

U.S.S.G. § 2D1.1(c) is an issue of first impression in this circuit.  Further, the circuits are split on whether the meaning of "cocaine base" as used in Title 21 is broader than the meaning of "cocaine base" as used in U.S.S.G. § 2D1.1(c). *Compare United States v. Barbosa*, 271 F.3d 438, 467 (3d Cir. 2001) (holding that definition of "cocaine base" under 21 U.S.C. § 841(b)(1) is broader than definition under U.S.S.G. § 2D1.1(c)), *and United States v. Jackson*, 59 F.3d 1421, 1422-24 (2d Cir. 1995) (same), *with United States v. Munoz-Realpe*, 21 F.3d 375, 377-78 (11th Cir. 1994) (holding that definition of "cocaine base" under 21 U.S.C. § 960(b) is limited to crack cocaine, just as it is under U.S.S.G. § 2D1.1(c)).  We need not decide the issue to determine defendant's claim, however.

Even if we assume that the definition of "cocaine base" under both the mandatory minimum provisions and the Sentencing Guidelines is limited to crack cocaine, defendant cannot show any prejudice because he was convicted of drug offenses involving crack cocaine.  The relevant counts of the indictment specifically identified the cocaine base as crack, as did the relevant jury instructions. [3]  The jury found defendant guilty of numerous offenses involving

---

[3]     For instance, Count 3 of the indictment charged that defendant "did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), . . . and did aid and abet in the possession with intent to distribute a mixture or substance

(continued...)

-6-

cocaine base that was crack, including two counts of possession with intent to distribute crack. In light of these convictions, defendant was subject to the mandatory minimum sentencing provisions for cocaine base contained in § 841(b)(1)(A)(iii), even if these provisions were limited to crack cocaine. Therefore, even if counsel had objected to the PSR's finding that the substance was crack cocaine and had insisted that the government be put to its burden of proof at sentencing, there is not a reasonable probability that the outcome would have been different.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. Defendant's motions to proceed *in forma pauperis* on appeal and to file his reply brief out of time are GRANTED.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[3](...continued)
containing a detectable amount of cocaine base (crack)." R., Vol. I, Doc. 1. Likewise, the jury was instructed that Count 3 charged that defendant "did knowingly and intentionally possess a quantity of cocaine base (crack) . . . with intent to distribute that substance, and aided and abetted that offense," *id.*, Doc. 30, Instruc. 37, and that to convict defendant on Count 3, the jury had to find that "defendant possessed a quantity of the controlled substance described in the indictment," *id.*, Instruc. 39.