FILED
United States Court of Appeals
Tenth Circuit

April 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LEE FRITTS,

Defendant - Appellant.

No. 15-3014
(D.C. No. 6:14-CR-10101-JTM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **HARTZ** and **BACHARACH**, Circuit Judges.

---

Upon entering into a plea agreement that included an appeal waiver, Steven

Lee Fritts pleaded guilty to being a felon in possession of a firearm in violation of

18 U.S.C. § 922(g). He was sentenced at the low end of the guidelines range to

ninety-two months in prison. Despite the appeal waiver, he appealed. The

government moves to enforce the appeal waiver. *See United States v. Hahn*,

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating an appeal waiver, *Hahn* directs us to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Because Mr. Fritts concedes that his appeal is within the scope of the waiver of appellate rights, we need not address that factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that court need not address each *Hahn* factor if defendant does not raise issue relating to that factor).

Mr. Fritts states that at this time he is not challenging whether his appeal waiver was knowing and voluntary, but he suggests that he may do so later in a challenge to the effectiveness of his counsel. As he correctly recognizes, any ineffective assistance of counsel argument should be raised in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *see also Hahn*, 359 F.3d at 1327 n.13 (stating that holding "does not disturb [the] longstanding rule" of generally considering ineffective-assistance claims on collateral review).

Lastly, Mr. Fritts argues that enforcement of the waiver would be a miscarriage of justice and is otherwise unlawful, because enforcement would "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (brackets omitted) (internal quotation marks omitted). He asserts two contentions, both concerning the alleged unlawfulness of his sentence:

(1) whether it was proper to increase his base offense level by the use of two prior state convictions for fleeing and eluding law enforcement, when the crimes did not qualify as crimes of violence; and (2) whether it was proper to impose a two-level increase for possession of a stolen firearm without proof that he actually knew the firearm was stolen.  These two contentions, however, are not claims concerning the critical issue of whether Mr. Fritts' appeal waiver was unlawful.  *See Porter*, 405 F.3d at 1144 ("The relevant question . . . is not whether [defendant's] sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable.").  Rather, these contentions are "the logical failing[] of focusing on the result of [the] proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." *Hahn*, 359 F.3d at 1326 & n.12.

Accordingly, we grant the government's motion to enforce and dismiss this appeal, without prejudice to Mr. Fritts raising a claim of ineffective assistance of counsel in a collateral proceeding.

Entered for the Court
Per Curiam