FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 20, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DOMINIC JAMES FREDRICKSEN,

    Defendant - Appellant.

No. 22-4067
(D.C. No. 2:19-CR-00407-JNP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

On January 9, 2020 Defendant Dominic Fredricksen pleaded guilty to one count of Use of Interstate Facilities to Transmit Information about a Minor in violation of 18 U.S.C. § 2425. The district court sentenced Defendant to 60 months' imprisonment followed by a life term of supervised release. As part of his plea agreement, Defendant waived the right to appeal his conviction or sentence unless he received a sentence greater than 60 months imprisonment—the maximum under his guideline range.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1

Defendant nevertheless seeks to appeal his conviction on the ground that he received ineffective assistance of counsel before the trial court. After carefully reviewing this case, Defendant's appellate counsel concluded there were no factually or legally non-frivolous grounds on which to raise an appeal. Accordingly, Defendant's counsel filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. (1967). Defendant did not respond to his counsel's *Anders* brief.

We have reviewed the record and counsel's *Anders* brief and agree there are no non-frivolous grounds on which Defendant can appeal. Notwithstanding the appellate waiver in Defendant's plea agreement, ineffective assistance of counsel claims are appropriately raised in collateral proceedings under 28 U.S.C. § 2255. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."). Although there are exceptions to this rule, *see United States v. Gallegos*, 108 F.3d 1272, 1280 (10th Cir. 1997), none apply in this case. Defendant must raise the issue of ineffective assistance of counsel in a proceeding under § 2255, should he choose to do so.

We therefore **AFFIRM** the district court's judgment, **GRANT** counsel's motion to withdraw, and **DISMISS** Defendant's ineffective assistance of counsel claims **WITHOUT PREJUDICE** so that he may properly raise them in a collateral proceeding if he so desires.

Entered for the Court

Bobby R. Baldock
Circuit Judge

2