F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS
TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDY EDWARD VANCLEAF,

Defendant-Appellant.

Case No. 97-4209, 98-4069

(D.C. 97-CR-1-ALL)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **HENRY**, Circuit Judges.

---

Mr. Vancleaf appeals from his criminal convictions for persuading an individual to travel in interstate commerce to engage in prostitution or other illegal sexual activity in violation of 18 U.S.C. 2422(a) and witness tampering in violation of 18 U.S.C. 1512 (a). He raises six issues on appeal. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm as to all issues.

**I. Background**

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Vancleaf allegedly ran an improperly licensed escort service agency called "Infinite Bliss" in Salt Lake City, Utah. The agency advertised for customers interested in lingerie modeling or lotion demonstrations, charging clients $100 for an appointment. While its employees did not receive any of the initial $100 fee, they could keep any "tips" they earned. The evidence showed that employees would sometimes engage in sexual acts to get tips, although Mr. Vancleaf claimed they usually engaged only in legal activities such as explicit sexual talk and erotic dancing.

The government showed that Mr. Vancleaf met Stephanie Thompson during a bus layover in Salt Lake City, then paid her air fare back to Salt Lake from Idaho to have her work at the agency. Ms. Thompson stated she thought she would be dancing in commercials. She stayed a week and had eight appointments with clients, but performed only one sexual act during this time. The police became involved when she wanted to leave town and Mr. Vancleaf would not give her the financial resources to do so.

Mr. Vancleaf was charged with one count of persuading an individual to travel in interstate commerce to engage in prostitution or other illegal sexual activity with respect to Ms. Thompson. He failed to appear for trial and was further charged with failure to appear in court. At that same time, he allegedly left threatening phone messages and numeric pager death threats for another of his escorts and potential witness, Tabatha Cox. He was subsequently also charged with witness tampering.

Mr. Vancleaf pled guilty to the failure to appear charge. On December 11, 1997,

2

after a two-day trial, a jury found him guilty of the remaining two charges. He was sentenced to 57 months in prison followed by a three-year term of supervised release. These are two consolidated appeals.

## II. Discussion

Mr. Vancleaf raises six issues on appeal, which we address in turn.

### A. Evidentiary Objections

Mr. Vancleaf argues that the district court erred in admitting testimony from six witnesses regarding Mr. Vancleaf's masturbation practices and other inappropriate conduct. He argues these statements were not relevant and were unfairly prejudicial. Generally, "[a]ll relevant evidence is admissible," Fed. R. Evid. 402; however, under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice, for purposes of Rule 403, 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Fed. R. Evid. 403 advisory committee's note.

Mr. Vancleaf objected below to only two witnesses' statements. We review the admission of these two statements for an abuse of discretion, United States v. Davis, 40 F.3d 1069, 1073 (10th Cir. 1994), followed by harmless error review. See United States v. Cass, 127 F.3d 1218, 1225 (10th Cir. 1997), cert. denied, 118 S. Ct. 1101 (1998). "An

erroneous admission of evidence . . . is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect." Id.

Mr. Vancleaf first objects to the testimony on redirect examination of Nicole Sheperd, another employee, that he had offered to pay her for oral sex and had masturbated in front of her. The government contends the defense "opened the door" to questions regarding Ms. Sheperd's relationship with Mr. Vancleaf by asking questions on cross-examination such as, "[d]id Randy take you to dinner and lunches and places like that? Was that part of his custom with the girls?" and "[d]o you know the nature of [Mr. Vancleaf and Tabatha Cox's] relationship? Are they more than boss and employee?" See Rec. vol. IX, at 148-49.

In allowing the line of questioning, the district court recalled, "It seems to me that there was a question on cross about her relationship with Mr. Vancleaf." Rec. vol IX, at 154. That recollection was not specifically accurate – the questioning on cross addressed only (1) the *nonsexual* nature of Mr. Vancleaf's relationship with Ms. Sheperd (buying meals, etc.) and (2) the sexual nature of Mr. Vancleaf's relationship with Ms. Cox, *another employee*. This does not seem sufficient to open the door to testimony regarding the sexual nature of Mr. Vancleaf's relationship with Ms. Sheperd. Nevertheless, admission of the evidence does not require reversal because we find any error harmless. The contested statements were brief and not graphic, and it is unlikely that this evidence had a prejudicial effect on the jury due to its sexual nature when much of the other

4

evidence presented was of a similar nature. The prosecution presented ample other testimony supporting the inference that Mr. Vancleaf intended to have Ms. Thompson engage in illegal sexual activity. See, e.g., Rec. vol. VIII, at 52-54.

Second, Mr. Vancleaf objects to testimony by Ms. Thompson concerning oral sex and masturbation. See Rec. vol. IX, at 194-95. From the briefs and the record before us, the admission of this evidence seems to have been erroneous. The government does not argue that Mr. Vancleaf paid or attempted to pay Ms. Thompson for sex, so the evidence does not bear on his intent to have her engage in illegal sexual activity. Nor did the government specifically argue that the evidence was admissible under Fed. R. Evid. 404 as proof of intent or design. Again, however, this possibly erroneous admission does not require reversal as we find it harmless. As above, we do not believe this testimony prejudiced the jury when much of the evidence was of a similar sexual nature, and the prosecution presented ample testimony as to the operation of Mr. Vancleaf's escort business. In sum, we cannot say that any of the erroneously admitted testimony "substantially influenced" the trial's outcome, nor are we in "grave doubt" as to whether the testimony had such an effect.

We review the admission of the remaining four statements – to which Mr. Vancleaf did not object below – for plain error. See United States v. Hill, 60 F.3d 672, 675 (10th Cir. 1995). We reverse only if admitting the statement placed the underlying fairness of the entire trial in doubt, or if it affected one of the defendant's substantial

rights." Id. Specifically, Mr. Vancleaf objects to the testimony of Tabatha Cox, another employee, that (1) a prostitute performed oral sex on Mr. Vancleaf in front of her, Rec. vol. VIII, at 32, and (2) Mr. Vancleaf had hit her once before, allegedly for refusing to perform sexual acts for hire, Rec. vol. VIII, at 60; (3) the testimony of Mr. Burnside, an acquaintance, that Mr. Vancleaf had asked him, "who's that old bitch?" of Mr. Burnside's mother-in-law, Rec. vol. IX, at 214; and (4) the testimony of FBI Agent Fagetan that Mr. Vancleaf had not paid taxes for several years. See Rec. vol. IX, at 285.

The district court did not commit plain error in the admission of any of this testimony. Ms. Cox's testimony regarding the prostitute was relevant to corroborate Ms. Thompson's testimony as to the type of business Mr. Vancleaf engaged in, i.e., "prostitution or illegal sexual activity," and bore on Mr. Vancleaf's intent to have Ms. Thompson engage in that business, a central issue at trial. Her testimony as to Mr. Vancleaf's hitting her was directly relevant to the second charge of witness intimidation, and thus had high probative value outweighing any potentially prejudicial effect. See United States v. Chalan, 812 F.2d 1302, 1308-09 (10th Cir. 1987) ("The mere fact that evidence damages a defendant's case, however, does not constitute unfair prejudice within the meaning of Rule 403."). Both Mr. Burnside's and Agent Fagetan's comments were brief and isolated remarks made only incidentally to much more extensive, relevant testimony and likely had little emotional impact. Mr. Burnside's comment was incidental to a discussion of his having seen Mr. Vancleaf at a hotel with two women described by

6

Mr. Burnside as prostitutes, relevant to the charge of persuading an individual to travel in interstate commerce to engage in prostitution or other illegal sexual activity. Agent Fagetan's remark was incidental to an explanation of how Mr. Vancleaf's business worked.

*B. Alleged Error in Jury Instruction.*

Mr. Vancleaf argues that the district court erred in the jury instruction it submitted regarding the elements of 18 U.S.C. § 2422(a). Section 2422(a) states:

> Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in <u>any sexual activity for which any person can be charged with a criminal offense,</u> or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

(emphasis added). The trial court's instruction substituted the phrase "illegal sexual activity" for the exact statutory language, "any sexual activity for which a person may be charged with a criminal offense." Mr. Vancleaf argues this substitution could have led to jury confusion.

Mr. Vancleaf did not, however, object to the instruction below. In the absence of any objection that puts the district court clearly on notice as to the asserted inadequacy of a proposed jury instruction, <u>see</u> Fed.R.Crim.P. 30, we review jury instructions only for plain error. <u>See</u> <u>United States v. Allen</u>, 129 F.3d 1159, 1162-63 (10th Cir. 1997). Here, we find no such error.

7

We must "examine [jury instructions] as a whole to determine whether the jury may have been misled, upholding the judgment in the absence of 'substantial doubt that the jury was fairly guided.'" United States v. Wiktor, 146 F.3d 815, 817 (10th Cir. 1998). Here, the jury was informed under Instruction 35 as to Utah law on "sexual activity" and prostitution, and as to what relevant sexual acts were illegal. See Rec. vol. I. The government presented ample evidence from which the jury could have found that Mr. Vancleaf intended to have Ms. Thompson engage in such "illegal sexual activity." We do not believe the jury was misled.

### C. Prosecutorial Misconduct.

Mr. Vancleaf argues that the government's conduct at trial amounts to prosecutorial misconduct. Specifically, Mr. Vancleaf objects to (1) the prosecutor's eliciting of testimony about Mr. Vancleaf's masturbation practices, that he had oral sex with a fifteen-year old prostitute, and that he used the term "old bitch," (2) her references to it being "Christmas time" and to "children's Christmas spirit" in her opening statement, and (3) three references to Ms. Thompson's current state of pregnancy.

We review claims of prosecutorial misconduct with a two-step inquiry. "First, we determine if the conduct was improper. Second, we determine if any improper conduct warrants reversal." United States v. Gordon, 173 F.3d 761, 769 (10th Cir. 1999). However, as this claim was not raised below, we review for plain error. United States v.

Durham, 139 F.3d 1325, 1331 (10th Cir.), cert. denied, 119 S. Ct. 158 (1998). Nothing about the prosecution of this case was plainly improper. Most of the elicited testimony was properly admitted, and the cumulative effect of any improperly admitted testimony was not such as to rise to the level of error. Similarly, the record shows the Christmas remarks and the pregnancy remarks were both made in innocuous contexts. As we refuse on plain error review to find improper conduct, we need not consider the second prong of the prosecutorial misconduct test.

*D. Vagueness Challenge.*

Mr. Vancleaf argues that 18 U.S.C. § 2422(a) is void for vagueness as applied to him because the "illegal sexual activity clause of 18 U.S.C. 2422(a) does not specify with clarity those acts which would be criminal." Aplt. Br. at 19. Because Mr. Vancleaf did not present this issue to the trial court, we review it for plain error. See United States v. Walker, 137 F.3d 1217, 1219 (10th Cir. 1998). In examining a statute for vagueness, we focus on "whether the statute at issue provides defendant with notice or fair warning that the conduct contemplated is forbidden by law." Id. As the challenged clause specifically refers to "prostitution, or . . . any sexual activity for which any person can be charged with a criminal offense," we believe its language is sufficiently clear to have put Mr. Vancleaf on notice.

9

*E. Joinder of the counts.*

Fifth, Mr. Vancleaf argues that the trial court erred in its joinder of the counts and in its subsequent failure to sua sponte sever the counts at trial. These are two sides of the same coin, and as he neither objected to the joinder nor requested severance below, he must show that the joinder was plain error and that actual prejudice resulted. United States v. Barron, 594 F.2d 1345, 1351 (10th Cir. 1979).

Under Fed. R. Crim. P. 8(a), joinder of offenses is permitted if the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "We construe Rule 8(a) broadly to allow liberal joinder to enhance the efficiency of the judicial system." United States v. Johnson, 130 F.3d 1420, 1427 (10th Cir.1997), cert. denied, 119 S. Ct. 78 (1998). The witness tampering charge stemmed from the charge of persuading an individual to travel in interstate commerce to engage in prostitution or other illegal sexual activity. Because the cases involved intertwined charges, we hold the district court did not plainly err in joining the cases or in failing to sever the cases sua sponte.

*F. Ineffective Assistance of Counsel.*

Finally, Mr. Vancleaf urges the court to sua sponte consider his ineffective assistance of counsel claim. Generally, ineffective assistance claims must be reviewed in

10

a § 2255 proceeding, because a "factual record must be developed in and addressed by the district court in the first instance for effective review." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). In rare instances, however, we have considered ineffective assistance claims on direct appeal where no further development of any sort is necessary or beneficial for resolution of the issue. See id. This case does not present such a rare instance. The record is not sufficiently developed at least with respect to Mr. Vancleaf's claim that his counsel erred in failing to file a pretrial motion to suppress. Accordingly, we dismiss Mr. Vancleaf's claim of ineffective assistance of counsel without prejudice to his right to raise it again in a § 2255 proceeding.

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court,


Robert H. Henry
Circuit Judge

11