**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FOSTER JOHNSON O'QUIN,

    Defendant-Appellant.

No. 98-5264

(D.C. No. 98-CR-138-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.[**]

    Defendant Foster Johnson O'Quin appeals a jury verdict finding him guilty of one

count of witness tampering in violation of 18 U.S.C. § 1512(b)(1). On appeal, Defendant

argues that: (1) the evidence was insufficient to support his conviction; (2) the district

court erroneously allowed evidence of other crimes to be admitted; (3) the indictment

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f). The case is therefore ordered submitted without
oral argument.

failed to apprise him of the charges against him; (4) the district court erred by allowing a government witness to reference documents not admitted into evidence; and (5) defense counsel provided ineffective assistance. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

I.

Prior to the event giving rise to this case, authorities charged Defendant, Hammad Akmal and Ebratollah Sakhaeifar with using counterfeit credit cards. The three individuals were arrested and charged in the Northern District of Oklahoma. Soon after, Akmal entered into a plea agreement with the government. In his statement to the government, he named Defendant as the "ringleader" of the credit card scam.

On August 21, 1998, Defendant met with his fiancé and his lawyer. During this meeting, he learned about Akmal's statement and plea negotiations. Defendant became angry because Akmal's statement that he was the "ringleader" could be used to enhance his sentence in the event he was convicted or pled guilty to the pending charges.

After the conversation with his fiancé and lawyer, prison official Teresa Stafford escorted Defendant back to his cell. Defendant was incarcerated in cell 8-A on the eighth floor of the prison. He convinced Stafford, however, that he was housed in cell 9-A on the ninth floor. Akmal was in cell 9-A.

Once in cell 9-A, Defendant assaulted Akmal, who was lying in bed with a blanket over his head. Defendant pulled Akmal off of the bed, hit him twice, and threatened him.

Akmal testified: "[H]e was telling me that I better take my plea back and change my statement, and if I -- everyone got a copy of this newspaper, and if I don't do that, my life could be in danger." Akmal further testified that Defendant stated: "I'm from Maffia" and "he's going to take it all the way and he's going to have – everyone comes to court, and then from there, we'll see who leaves the courtroom first."

Based on this evidence, the jury convicted Defendant of witness tampering. The district court sentenced Defendant to fifty-one months imprisonment.

II.

A.

Defendant contends that the evidence produced at trial is insufficient to support his conviction. We review Defendant's sufficiency claim de novo. United States v. Ivy, 83 F.3d 1266, 1285 (10th Cir. 1996). In doing so, we examine the evidence in a light most favorable to the government to determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1978). Thus, "[i]n order to conclude the evidence was insufficient, as a matter of law, we must find that no reasonable juror could have reached the disputed verdict." United States v. Owen, 70 F.3d 1118, 1126 (10th Cir. 1995). Applying this standard, we conclude the evidence is sufficient to support the jury's verdict.

Title 18 U.S.C. § 1512(b)(1) provides:

> Whoever intentionally harasses another person and thereby hinders, delays, prevents or dissuades any person from attending or testifying in an official

3

proceeding; or attempts to do so shall be . . . imprisoned not more than ten years . . . .

The evidence at trial, viewed in a light most favorable to the government, showed that Defendant induced Stafford to take him to Akmal's cell, where he assaulted him in an attempt to prevent him from testifying against him. A reasonable juror, considering this evidence, could find a violation of § 1512(b)(1) beyond a reasonable doubt. Accordingly, the evidence is sufficient to sustain the conviction.

B.

At trial, the government elicited testimony from witnesses regarding the credit card charges which gave rise to the witness tampering charges. Defendant objected to the testimony arguing that the prejudicial effect outweighed the probative value of the evidence and that the evidence was not admissible under Fed. R. Evidence 404(b). The government replied that the evidence was admissible to show Defendant's "motive" for intimidating Akmal. The district court overruled the objection, but did not specifically articulate the purpose for which the evidence was admitted. Defendant contends that the district court's failure to articulate the specific purpose for admitting the evidence requires reversal. We disagree.

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Joe, 8 F.3d 1488, 1495 (10th Cir. 1993). "However, even when the trial court erroneously admits evidence, such error does not require reversal if it was

4

harmless." United States v. Green, 175 F.3d 822, 833 (10th Cir. 1999) (quoting United States v. Wittgenstein, 163 F.3d 1164, 1172 (10th Cir. 1998)). "An erroneous admission of evidence is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such an effect." Id. (quoting United States v. Bornfield, 145 F.3d 1123, 1131 (10th Cir. 1998).

We need not decide whether the district court erred, because even assuming error, it was harmless. The record reveals that the government introduced substantial evidence showing that Defendant attempted to force Akmal to withdraw his guilty plea and prevent Akmal from testifying against him. Disregarding the evidence about the credit card crimes, the government presented a strong case against Defendant. Accordingly, we are not persuaded that the prior crime evidence substantially affected the outcome of the trial.

C.

The Sixth Amendment to the Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." Defendant claims that the indictment in this case is not sufficient because it provides no notice that the government intended to elicit testimony regarding the credit card scheme which led to Defendant attacking Akmal. Defendant contends that absent this information, he could not prepare a defense.

We review the sufficiency of an indictment de novo. United States v. Dashney,

117 F.3d 1197, 1205 (10th Cir. 1997). In order to be sufficient, an indictment must "contain the elements of the offense intended to be charged and sufficiently [apprise] the defendant of what he must be prepared to meet." Russell v. United States, 369 U.S. 749, 763 (1961). When reviewing the sufficiency of an indictment, we are governed by practical rather than technical considerations. Dashney, 117 F.3d at 1205.

The instant indictment reads as follows:

On or about the 21st day of August, 1998, in the Northern District of Oklahoma, **FOSTER JOHNSON O'QUIN**, defendant herein, knowingly used intimidation, threats, and physical force toward another person, namely, Hammad Akmal, with intent to influence, delay, or prevent the testimony of the said Hammad Akmal in an official proceeding, to-wit: The trial of United States v. Akmal, et al, cause number No.98-CR-87-K, presently pending in the United States District Court for the Northern District of Oklahoma, in violation of Title 18, United States Code, Section 1512(b)(1).

Defendant's argument lacks merit. The indictment clearly states the nature of the charge and the event giving rise to it. The government is not required to state with exacting precision every fact it intends to prove at trial. Nor is it required to disclose its precise trial strategy to Defendant. Instead, the indictment need only contain enough detail for Defendant to defend the charges against him. See id. The instant indictment meets this standard. Accordingly, we reject Defendant's Sixth Amendment challenge.

D.

Defendant next complains that the district court improperly allowed a prosecution witness to read the contents of a newspaper article, which the court refused to allow into evidence, to the jury. The newspaper article and an attached yellow note, was allegedly

6

delivered to Akmal through an informal prison network. Summarized, the article stated that Akmal had entered a guilty plea and had indicated to authorities that Defendant was the ringleader. The government apparently sought to introduce the article as additional evidence that Defendant threatened Akmal.

Defendant objected when the government attempted to admit the article and note. The district court sustained the objection finding that the government failed to connect Defendant with the article and the note. On direct examination, however, Akmal read the contents of the article to the jury. Although Defendant objected to the admission of the article and note, themselves, he did not object when Akmal read the note to the jury. Accordingly, we review for plain error. Fed. R. Crim. P. 52(b). For Defendant to prevail on his plain error argument, he must show "clear or obvious error that affected his substantial rights, and that seriously affected the integrity of the judicial proceedings." United States v. Hatatley, 130 F.3d 1399, 1405 (10th Cir. 1997).

Excluding the contents of the newspaper article, the government presented substantial evidence that Defendant committed the crime with which he was charged. In light of this evidence, we are not convinced that the court, by allowing the witness to read the contents of the newspaper article, affected Defendant's substantial rights. Nor are we convinced that the complained of error "seriously affected the integrity of the judicial proceedings." Id. Accordingly, we conclude the district court did not commit plain error by allowing the witness to read the newspaper article to the jury.

E.

Defendant finally argues that his conviction should be reversed because his trial counsel was ineffective. In <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995), we reaffirmed the long-standing principle that ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. We explained:

> [Ineffective assistance] claims are presumptively dismissable and virtually all will be dismissed. The reasons for this rule are self-evident . . . . A factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim.

<u>Id</u>.

In light of the above reasoning, we conclude Defendant's ineffective assistance of counsel claim is premature. The issues germane to this claim are more properly heard, in the first instance, by the district court. Accordingly, we decline to address this argument on direct appeal.

The district court's judgment is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge