F I L E D
United States Court of Appeals
Tenth Circuit

JAN 5 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAFAEL SANCHEZ-ALVARADO,

      Defendant-Appellant.

No. 98-4131

(D.C. No. 97-CR-408-W)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **BRORBY**, Circuit Judges.[**]

Defendant Raphael Sanchez-Alvarado appeals his conviction, raising the sole issue that he received ineffective assistance of trial counsel. Because ineffective assistance of counsel claims, absent exceptional circumstances, should be raised in a petition pursuant to 28 U.S.C. § 2255,     see United States v.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Galloway , 56 F.3d 1239, 1240 (10th Cir. 1995), we dismiss the appeal without prejudice to his right to raise the issue again in a collateral proceeding.

On direct appeal, Defendant argues that his trial counsel was ineffective because during trial he stipulated to evidence that was strong evidence of Defendant's guilt, without demonstrating that he made the stipulation for strategic or tactical reasons or for favorable sentencing. During the prosecution's case, Defendant's counsel agreed to a stipulation that the fingerprints on several of the prosecution's exhibits–the Print Card, the Order to Show Cause, and the Warrant of Deportation–all belonged to Defendant. After the stipulation, the prosecution rested its case; Defendant's counsel did not call Defendant or any other witnesses to testify. The jury convicted Defendant of one count of illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326.

Claims of ineffective assistance of counsel are difficult to review on appeal without the development of a record at the district court level.        See Galloway , 56 F.3d at 1240. This case is not one of the exceptional cases in which the record is sufficiently developed to dispose of the claims on appeal. Accordingly, we dismiss Defendant's claim of ineffective assistance of trial counsel without prejudice to his right to raise the issue again in a collateral proceeding.

DISMISSED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge