**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RICKEY LYNN,

    Defendant-Appellant.

No. 00-6127

(D.C. No. 99-CV-2122-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

    Defendant Rickey Lynn pled guilty to a one-count superceding information

charging him with maintaining a place for the purpose of using and distributing cocaine

base in violation of 21 U.S.C. § 856(a)(2), which carries a maximum sentence of 240

months imprisonment. The presentence report attributed a total of 183.16 grams of

cocaine base to Defendant. Over Defendant's objection, the district court found the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Government had proven the drug quantity by a preponderance of the evidence and sentenced Defendant to 124 months imprisonment. We affirmed Defendant's sentence on direct appeal, holding that the district court properly calculated the quantity of cocaine base attributable to Defendant. United States v. Lynn, No. 99-6017, 1999 WL 820256 (10th Cir. 1999) (unpublished).

Defendant subsequently filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, alleging among other things, ineffective assistance of trial counsel. The district court denied Defendant's motion as well as his application for a certificate of appealability. See 28 U.S.C. § 2253(c). Defendant's renewed application is before us. In his application, Defendant's sole contention is that his trial counsel was ineffective for failing to object to an illegal sentence based on the quantity of cocaine base the district court attributed to him.[1]

A defendant may appeal the denial of a § 2255 motion only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(2). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c). Mindful of this standard, we have thoroughly reviewed Defendant's application for a certificate of appealability, his brief,

---

[1] While the doctrine of procedural bar generally applies to § 2255 proceedings, the doctrine does not apply to ineffective assistance of counsel claims brought for the first time in a § 2255 motion. United States v. Galloway, 56 F.3d 1239, 1240-43 (10th Cir. 1995) (en banc). Thus, Defendant's failure to raise his claim of ineffective assistance of counsel on direct appeal does not bar him from raising the claim in his § 2255 motion.

the district court's order denying the motion, and the entire record before us. Because

Defendant did not receive an illegal sentence, a conclusion implicit in our resolution of

Defendant's direct appeal, Defendant necessarily did not receive ineffective assistance of

counsel based upon counsel's failure to object to an illegal sentence. Because Defendant

has not made a substantial showing of the denial of a constitutional right, we deny his

request for a certificate of appealability and dismiss the appeal.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.[2]

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[2] Defendant's motion to proceed on appeal in form pauperis, see Fed. R. App. P. 24(a)(3), is denied as moot.