**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ROGELIO VILLARREAL ROCHA,

  Defendant - Appellant.

No. 01-3134
(D.C. No. 00-CR-20036-KHV)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge,  **ANDERSON** , Circuit Judge, and  **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Rogelio Villarreal Rocha was charged with one count of possession with intent to distribute more than 500 grams of a mixture or substance

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

containing cocaine (count I) and one count of possession with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine (count II) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant pleaded guilty to count I and was sentenced to a prison term of 175 months in accordance with 21 U.S.C. § 841(b)(1)(B), which carries a maximum prison term of forty years. Count II was dismissed on the motion of the United States.

On appeal, defendant argues his sentence violates the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court held any fact, other than the fact of a prior conviction, used to increase the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490. Defendant argues the district court erred by including the total amount of drugs with which he was charged in count II in its calculation of the total amount of drugs attributable to defendant for sentencing purposes.

Defendant's argument is without merit. The rule in *Apprendi* "does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum." *United States v. Sullivan*, 255 F.3d 1256, 1265 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 1182 (2002). Defendant's sentence of 175 months does not exceed the statutory maximum of forty years.

Defendant also argues he received ineffective assistance of counsel throughout the district court proceedings. Absent certain limited circumstances

-2-

not present in this case, ineffective assistance of counsel claims should be asserted in collateral proceedings, rather than on direct appeal. *See United States v. Galloway* , 56 F.3d 1239, 1240 (10th Cir. 1995).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge