**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOE RENALDO ROMERO,

    Defendant-Appellant.

No. 02-2161
(D. New Mexico)
(D.Ct. No. CR-00-1235-JP)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On October 10, 2001, Joe Renaldo Romero was indicted on five counts for various crimes relating to the possession and distribution of methamphetamine.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pursuant to a plea agreement, Romero pled guilty to one count of possession with the intent to distribute more than 500 grams of a substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In exchange, the Government agreed, *inter alia*, to dismiss the remaining counts in the indictment. The district court sentenced Romero to the statutory minimum of 120 months imprisonment followed by five years of supervised release. In his pro se appeal, Romero contends for the first time that the Government manipulated his sentence through entrapment. He also claims ineffective assistance of trial counsel because his appointed attorney failed to raise this issue to the district court. Further, in his reply brief, he alleges two new claims: failure to apply the safety valve provision,[1] and ineffective assistance of appellate counsel due to "abandonment." We affirm the sentence of the district court and decline to consider the ineffective assistance of counsel claims.

---

[1] In his reply brief, Romero attempts for the first time to challenge the district court's determination that he did not qualify for the safety valve exception to the application of the statutory minimum at sentencing. He claims his appellate counsel "abandoned" him and that is why the issue was not raised earlier. (Reply Br. at 14.) We do not consider, even under a plain error standard, issues raised for the first time in a reply brief. *See United States v. Murray,* 82 F.3d 361, 363 n.3 (10th Cir. 1996); *United States v. Hardwell,* 80 F.3d 1471, 1495 (10th Cir. 1996). Even were we to do so, the transcript of the sentencing hearing contains sufficient facts to support the district court's conclusions. In addition, this is an ineffective assistance of appellate counsel claim which should be pursued in a different manner. *See infra, Galloway,* 56 F.3d at 1240.

In June 2000, Romero twice sold methamphetamine to a confidential informant. The first sale involved approximately five ounces of the substance, the second approximately three ounces. In August 2000, the confidential informant arranged with Romero to buy two kilograms of methamphetamine; the first kilogram to be delivered without payment, the second kilogram to be delivered the next day after payment for the entire transaction. The first part of the sale was completed. The next day, drug enforcement agents arrested Romero with possession of the second kilogram prior to the completion of the sale. The second half of the transaction is the charge to which Romero pled guilty.

Romero claims the agents had probable cause to arrest him after the first sale in June, and the failure to do so until after he delivered the two kilograms ordered by the Government in August was a deliberate manipulation to increase the amount of contraband, which in turn, would extend the length of his sentence. Romero concedes he was involved in the possession and distribution of methamphetamine, but maintains that he was not predisposed to distribute large amounts such as the two kilograms involved in the August sale. While the inquiry in determining entrapment revolves around a defendant's predisposition to commit a crime,[2] the issue here is considered in the context of the Government's

---

[2] Romero denies he is asserting a defense of entrapment, but merely wants his sentence to be reconsidered in light of the Government's conduct. To the extent he might have claimed entrapment, he has waived this affirmative defense

conduct. *United States v. Scull*, 321 F.3d 1270, 1276 n.3 (10th Cir.) ("Other courts have addressed this issue under the rubric 'sentencing entrapment' or 'sentencing factor manipulation.' This court addresses the 'same concept under the appellation of "outrageous governmental conduct."'") (citations omitted), *cert. denied,* 124 S. Ct. 175 (2003). The parameters of this concept are described in *Scull*:

> In *United States v. Russell,* 411 U.S. 423, 93 S. Ct. 1637, 36 L.Ed.2d 366 (1973), the Supreme Court acknowledged that the conduct of law enforcement agents in the course of investigating an offense might be so outrageous "that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Id.* at 431-32, 93 S. Ct. 1637. In determining whether the government has committed outrageous conduct, "the relevant inquiry is whether, considering the totality of the circumstances in any given case, the government's conduct is so shocking, outrageous and intolerable that it offends the universal sense of justice." *United States v. Lacey,* 86 F.3d 956, 964 (10th Cir. 1996) (quotations omitted). "[T]his is an extraordinary defense reserved for only the most egregious circumstances." *United States v. Mosley,* 965 F.2d 906, 910 (10th Cir. 1992).

*Id*. at 1277.

Moreover, when a party fails to raise an issue in the district court, we review for plain error. *United States v. Easter,* 981 F.2d 1549, 1555 (10th Cir.

---

by pleading guilty. *United States v. Riles,* 928 F.2d 339, 342 (10th Cir. 1991) ("Once a defendant has plead guilty, 'there will not be a further trial of any kind, so that by pleading guilty . . . the defendant waives the right to a trial.' By waiving the right to trial, a defendant waives non-jurisdictional defenses, including entrapment . . . . He likewise admits that he was predisposed to commit the offense, since predisposition is 'the crux of the entrapment defense.'") (internal citations omitted).

1992) (citation omitted), *cert. denied,* 508 U.S. 953 (1993). Plain error review, however, "is not appropriate when the alleged error involves the resolution of factual disputes." *Id.* at 1556. In such a case, we deem the issue waived. *Id.* Romero's contention that the Government's continued investigation was purely for the purpose of increasing his sentence is a fact-intensive inquiry into the Government's motives. Accordingly, plain error review is inappropriate and Romero's claim is waived. Even were we to address this claim, we find no merit to his contention. In the limited record provided on appeal, there is no indication the Government stepped outside the bounds of a legitimate criminal investigation.

Finally, Romero claims he received ineffective assistance of trial counsel, but concedes in his reply brief that the factual record is insufficient to determine the issue. In addition, in his reply brief, he claims his counsel "abandoned" him on appeal. Except in rare cases, a defendant must raise ineffective assistance of counsel claims in a collateral proceeding, not on direct appeal. *See United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims . . . brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). We follow this practice even when the record below is sufficiently developed for us to pass judgment. *Id*. This rule allows the district court to provide an opinion in the fist instance, which is "a valuable aid to appellate review." *Id.* Accordingly, we decline to address

Romero's ineffective assistance of counsel claim on direct appeal.

For the reasons above, we **AFFIRM** Romero's sentence.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge