**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GLENN DELL COOK,

Defendant-Appellant.

No. 08-2295
(D.C. Nos. 1:08-CV-00352-BB-LFG &
1:04-CR-02395-BB-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

A jury convicted Glenn Dell Cook of three drug offenses.[1]  The district

court imposed concurrent sentences of 235 months' imprisonment followed by 60

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     The convictions were for conspiracy to possess with intent to distribute 50
grams or more of methamphetamine and less than 50 kilograms of marijuana in
violation of 21 U.S.C. § 846; possession of 50 grams or more of
methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1);
and possession of less than 50 kilograms of marijuana with intent to distribute,
also in violation of 21 U.S.C. § 841(a)(1).

months of supervised release on the first two counts and 60 months' imprisonment followed by 24 months of supervised release on the third count. In his direct appeal, Mr. Cook challenged his sentence on various grounds. We affirmed. *United States v. Cook*, 224 F. App'x 794 (10th Cir. 2007).

He then brought this collateral challenge to his conviction in the form of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. A magistrate judge entered an extensive and thorough 45-page set of findings, recommending that the motion be denied. After considering Mr. Cook's objections, the district court adopted the magistrate judge's findings and recommended disposition, denied the § 2255 motion, and dismissed the case with prejudice. Mr. Cook filed a timely appeal from the district court's order.

In order to proceed with this appeal, Mr. Cook requires a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B). We may grant him a COA only if he has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Because we conclude that he has failed to make this showing, we deny his request for a COA and dismiss this appeal.

## BACKGROUND

Mr. Cook's co-defendants, Joseph Gilkey and Darrell Adams, testified against him at trial. Mr. Gilkey admitted that he and Mr. Adams stole approximately one pound of methamphetamine, five pounds of marijuana and a

-2-

handgun from a man in California.  They then contacted Mr. Cook for assistance in selling the drugs.  He recommended that they travel to Hobbs, New Mexico, where they could get a higher price for the methamphetamine.  They enlisted a fourth man, Rommie Faye Rogers, to drive a separate car carrying the drugs because Mr. Rogers was Caucasian and they concluded he would be less likely than they to be stopped by police.  The other three men, including Mr. Cook, traveled together in a second car.  Mr. Cook testified that he knew nothing of the methamphetamine transactions contemplated by the other two men, and was simply along for the ride to see his girlfriend who lived in Hobbs.

At a rendezvous point in Hobbs, Mr. Rogers delivered the drugs to the car containing the other three men and then left to return to California.  The three men proceeded to the Comfort Inn, where Mr. Gilkey and Mr. Adams spent the first night, while Mr. Cook stayed with a relative.  The next day, August 25, 2004, they moved to the Lea County Inn, where Mr. Cook's friend, Erica Benavidez, had reserved Room 229 for them.  Mr. Gilkey and Mr. Adams testified that Mr. Cook used his contacts in New Mexico to distribute the drugs from the motel room.  Mr. Cook denied any knowledge of the methamphetamine or participation in its distribution.

Mr. Cook had a suitcase in the room and a Gameboy hooked up to the television in the room.  But he testified that while in Hobbs he stayed with a relative and he did not stay in Room 229 overnight.  Instead, by his account, he

visited Mr. Gilkey and Mr. Adams at the room as their social guest. Prior to the police search of the room, he had intended to remove the suitcase.

On August 26, 2004, New Mexico State Police officers executed a search warrant on Room 229 at the Lea County Inn. Upon entering the second-floor room, they observed the three men jump out through the window. Mr. Gilkey and Mr. Adams jumped but were apprehended soon thereafter. Mr. Cook jumped and damaged both his ankles or heels. After attempting to run away, he too was apprehended and transported to the hospital for treatment. The search of the room yielded approximately two pounds of marijuana, scales, bags used to package narcotics, and a handgun. The police shut the door to the room and departed.

On the following day, someone at the Lea County Inn called the police and reported that individuals were attempting to re-enter Room 229 under suspicious circumstances. One of the officers who had conducted the search returned to the room, which was still rented in the name of Ms. Benavidez. He searched the room again. During this search, he looked inside the room's air conditioner and found 16 plastic bags containing methamphetamine.

## ANALYSIS

Mr. Cook contends that his trial counsel was constitutionally ineffective, both in failing to seek suppression of the methamphetamine and by a plethora of other failings before and during trial. "In order to establish a successful claim for ineffective assistance of counsel, Mr. [Cook] must show (1) that counsel's

-4-

performance was deficient, and (2) that this deficient performance prejudiced his defense, depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  Upon consideration, he has failed to make this showing.

## 1.  Failure to Seek Suppression of the Methamphetamine

Mr. Cook's principal claim is that his trial counsel should have filed a motion to suppress the methamphetamine found in the motel room air conditioner. The magistrate judge concluded that this claim failed for several reasons.  We need only address one of these reasons.  We agree with the magistrate judge's conclusion, adopted by the district court, that Mr. Cook did not have a privacy right in the room that would have supported a motion to suppress.  His attorney was therefore not constitutionally ineffective in failing to file such a motion, and his failure to do so did not deprive Mr. Cook of a fair trial with a reliable result.

To assert a Fourth Amendment right to challenge the search of the motel room, Mr. Cook would have had to show that he had an "expectation of privacy in the place searched, and that his expectation [was] reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998).  "Fourth Amendment rights are personal, and, therefore, a defendant cannot claim a violation of his Fourth Amendment rights based only on the introduction of evidence procured through an illegal search and seizure of a third person's property or premises." *United States v. Beckstead*, 500

-5-

F.3d 1154, 1163 (10th Cir. 2007) (quotation omitted), *cert. denied*, 128 S. Ct. 1757 (2008).

"Overnight guests and joint occupants of motel rooms possess reasonable expectations of privacy in the property on which they are staying." *United States v. Kimoana*, 383 F.3d 1215, 1221 (10th Cir. 2004). But Mr. Cook was neither an overnight guest nor an occupant of Room 229. The room was not rented to him. He was at best an invitee of Mr. Gilkey and Mr. Adams, who were staying in the room, or perhaps of Ms. Benavidez, who had rented it. His attempts to assert a right of privacy equal to that of the motel's actual guests must therefore fail.

Mr. Cook cites a number of cases showing that invitees or social guests in a motel room or a residence can possess a right to privacy. *See* Aplt. Opening Br. at 15-18. Each of the cases he cites involved a search or seizure that took place during the time when the defendant continued to be an invitee or guest at the premises searched. *See United States v. Poe*, 556 F.3d 1113, 1118, 1122 (10th Cir. 2009), *petition for cert. filed*, (U.S. Jun. 1, 2009) (No. 08-10799); *United States v. Rhiger*, 315 F.3d 1283, 1285-87 (10th Cir. 2003); *United States v. Conway*, 73 F.3d 975, 978-980 (10th Cir. 1995). Here, when the allegedly illegal search occurred, Mr. Cook had permanently departed the motel room and was either at the hospital or in flight from the police, intending to make his way

back to California. *See* Trial Tr. at 204.[2]  We therefore do not find this line of cases persuasive.

Mr. Cook argues that the rental period for the room had not yet expired when the search occurred.  As a practical matter, this factor is irrelevant to his expectation of privacy as a social guest.  Once he and the two occupants had fled the room, there is no indication that Mr. Gilkey or Mr. Adams had any reason or inclination to re-admit him or that Mr. Cook intended to spend any more time there.

Mr. Cook notes that some of his possessions remained in the room after he left it via the window.  But he does not complain of a search of these belongings, only of the room in general.  Nor is there any evidence that he attempted to reenter the room, which had been sealed with crime tape, to retrieve his belongings.[3]  The mere fact that he left some belongings behind after fleeing from police does not establish a continued "occupancy" of the room that would permit him to assert a right of privacy in it.  *Cf. United States v. Mitchell*, 429 F.3d 952, 959 (10th Cir. 2005) (stating mere fact that personal items remained in room after

---

[2]     Page 138 is missing from the trial transcript, so record pages subsequent to that page are one number higher than the official transcript page.  We therefore cite to the transcript page rather than the record page.

[3]     Although the officer who found the methamphetamine had received a call from the motel that someone was trying to get into the room, there was no evidence that this person was Mr. Cook or that he intended to occupy the room after he had fled from it.

guest checked out and was in flight from police did not prove continued occupancy of room).

In sum, we conclude that Mr. Cook's counsel did not perform deficiently in failing to file a motion for suppression of the methamphetamine, and that Mr. Cook was not prejudiced by his counsel's failure to file such a motion.

## 2. Other Allegations of Ineffective Assistance of Counsel

Mr. Cook contends that in addition to his failure to move for suppression of the methamphetamine, his trial counsel "made repeated verbal and tactical mistakes." Aplt. Opening Br. at 22. He raised these alleged errors before the district court, and the magistrate judge assigned to this case analyzed them in detail. We have carefully examined the magistrate judge's findings and recommended disposition as to these issues. We deny Mr. Cook a COA on these issues for substantially the reasons stated by the magistrate judge and by the district court in its order.

## 3. Evidentiary Hearing

Mr. Cook contends that the district court erred in denying him an evidentiary hearing on his § 2255 motion. Having reviewed the record and the applicable law, we conclude that no hearing was necessary. *See United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995) (en banc) (court must hold a hearing "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'") (quoting 28 U.S.C. § 2255).

## CONCLUSION

Mr. Cook's application for a COA is DENIED and this appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge