FILED
United States Court of Appeals
Tenth Circuit

November 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GREGORY A. GARTON,

    Defendant-Appellant.

No. 12-8063
(D.C. Nos. 2:11-CV-00077-ABJ and
2:07-CR-00135-ABJ-1)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Gregory Garton was convicted by a jury of various drug and firearm charges. For these federal crimes, the district court sentenced him to prison for seventy-five years. After this court affirmed his sentence on direct appeal, *see United States v. Garton*, 336 F. App'x 804 (10th Cir. 2009) (unpublished), Mr. Garton brought a 28 U.S.C. § 2255 motion to vacate his sentence. The district court dismissed this motion, concluding that the ten ineffective assistance of counsel claims he raised all lacked merit. The district court, too, denied Mr.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Garton's motion for an evidentiary hearing. Mr. Garton now seeks from us a certificate of appealability ("COA") in order to challenge the district court's denial of both motions.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Garton proceeds in this court *pro se*, we review his pleadings with special solicitude.

Before us, Mr. Garton pursues nine of the ten ineffective assistance of counsel claims that he pursued before the district court. In its thorough and well-reasoned opinion, however, the district court applied *Strickland v. Washington*, 466 U.S. 668 (1984), and rejected each of these arguments. And, after reviewing the record, we conclude no reasonable jurist could doubt the correctness of the district court's disposition of these claims. For example, three of Mr. Garton's grounds are premised on the supposition that, if Mr. Garton's counsel performed adequately, Mr. Garton would have received a plea offer. But Mr. Garton doesn't allege that the government ever made a plea offer, or even that a plea offer was on the way. And as the Supreme Court has made clear, "a defendant has no right

2

to be offered a plea." *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012). Accordingly, and for substantially the same reasons given by the district court, we deny Mr. Garton's application for a COA and dismiss his appeal.

Nor did the district court err by failing to conduct an evidentiary hearing. A "district court must hold an evidentiary hearing on [a] prisoner's claims '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (alteration in original) (quoting 28 U.S.C. § 2255). Like the district court, we are convinced that the lack of meritorious grounds for Mr. Garton's ineffective assistance of counsel claims justifies the denial of an evidentiary hearing in this case.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge