**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

v.

STACEY ELLA MCKERN,
a/k/a Michelle E. Aragon, a/k/a Stacey
Aragon,

            Defendant - Appellant.

No. 15-1020
(D.C. No. 1:13-CR-00444-CMA-1)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Upon entering into a plea agreement that included an appeal waiver, Stacey

Ella McKern pleaded guilty to bankruptcy fraud and aiding and abetting and false use

of a social security number. She was sentenced to eighteen months of imprisonment,

the top of the guidelines range. Despite the appeal waiver, she appealed. The

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government moves to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Ms. McKern concedes that she cannot in good faith oppose the government's motion and make an argument as to any of *Hahn*'s three appeal-waiver factors: "(1) whether the disputed appeal fails within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

We have independently reviewed the plea agreement and transcripts of the plea and sentencing hearings, and we agree that Ms. McKern cannot in good faith oppose enforcement of the appeal waiver. To the extent she wishes to challenge her counsel's performance, we also agree with her that any ineffective assistance of counsel argument should be raised in a collateral proceeding under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *see also Hahn*, 359 F.3d at 1327 n.13 (stating that holding "does not disturb [the] longstanding rule" of generally considering ineffective-assistance claims on collateral review). We therefore do not address an ineffective-assistance claim in this proceeding.

The motion to enforce is granted and this appeal is dismissed, without prejudice to Ms. McKern raising a claim of ineffective assistance of counsel in a collateral proceeding.

Entered for the Court
Per Curiam