**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRUCE M. JONES, II,

    Defendant - Appellant.

No. 15-3257
(D.C. No. 2:10-CR-20004-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Pursuant to a plea agreement containing an appeal waiver, Bruce M. Jones, II,

pleaded guilty to one count of manufacturing marijuana, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(B)(vii), and one count of using/brandishing a firearm during

and in relation to a drug trafficking crime or possession of a firearm in furtherance of

a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The district court

sentenced him to 144 months' imprisonment, and four years of supervised release.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his plea agreement, Mr. Jones reserved the right to appeal the denial of his motion to suppress evidence. He appealed that denial, and we affirmed. *United States v. Jones*, 701 F.3d 1300, 1322 (10th Cir. 2012).

Subsequent to our affirmance, Mr. Jones filed a number of post-judgment motions in district court seeking miscellaneous relief. On September 8, 2015, the district court entered a memorandum and order denying his requests for (1) appointment of counsel; (2) immediate release; (3) copies of his case file and discovery; (4) an evidentiary hearing; and (5) judicial notice of certain facts. It also addressed Mr. Jones's allegations concerning ineffective assistance of counsel contained in his various motions, and informed him that he must pursue these allegations through a motion under 28 U.S.C. § 2255. The district court declined to construe his miscellaneous motions as a § 2255 motion. Mr. Jones moved for reconsideration, which the district court denied. He now appeals.

The government has moved to enforce his appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In *Hahn*, we held that we would enforce appeal waivers so long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice." *Id.* at 1325.

Mr. Jones has filed a response to the government's motion to enforce. As he notes, his plea agreement provides that he "in no way waives any subsequent claims with regards to ineffective assistance of counsel." Plea Agreement, at 14. Mr. Jones

2

contends that his challenges to the district court's order involve ineffective assistance of counsel and thus fall within this exception.

Most of the district court's rulings in its order of September 8, 2015, reaffirmed in its order denying reconsideration, do not resolve ineffective assistance of counsel claims and thus do not fall within the exception in the appeal waiver. Moreover, to the extent Mr. Jones seeks to raise claims involving ineffective assistance of counsel, either as freestanding claims or as an attack on the waiver itself, we agree with the district court that he must first assert such claims in a collateral proceeding brought under § 2255. *See, e.g.*, *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review."); *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (instructing that "[s]uch claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed"). Lacking the benefit of a district court ruling on the merits of such claims, we decline to address them. *See United States v. Zar*, 790 F.3d 1036, 1053 (10th Cir.) ("[W]e lack the benefit of a district court ruling, and we [therefore] decline to address the defendants' ineffective assistance of counsel claims."), *cert. denied*, 136 S. Ct. 562 (2015).

We grant the government's motion to enforce and dismiss this appeal.

Entered for the Court
Per Curiam